———

## In re A.E.

[Cite as *In re A.E.*, 184 Ohio App.3d 812, 2009-Ohio-6094.]

Court of Appeals of Ohio,
Fifth District, Licking County.

No. 2009–CA–00048.

Decided Nov. 17, 2009.

Kenneth Oswalt, Licking County Prosecuting Attorney, for appellee.

Angela Miller, Assistant Public Defender, for appellant.

---

Gwin, Presiding Judge.

{¶ 1} Appellant A.E.[1] appeals the March 20, 2009 judgment entry of the Licking County Court of Common Pleas, Juvenile Division, which adjudicated him a Tier III sexual offender subject to statutory registration requirements. The state of Ohio is the appellee.

---

1. For purposes of anonymity, only initials designate appellant's name. See, e.g., *In re C.C.*, Franklin App. No. 07–AP–993, 2008-Ohio-2803, 2008 WL 2350628, at ¶ 1, fn. 1; see also Supp.R. 45(D).

STATEMENT OF THE CASE AND FACTS

{¶ 2} On December 18, 2008, the Licking County Prosecutor's Office filed a complaint alleging that A.E. was a delinquent child for seven counts of rape, a felony of the first degree if committed by an adult. Specifically, the complaint alleged that over a period of months, A.E., age 15, engaged in consensual sex with a girl, age 12, in violation of R.C. 2907.02(A)(1)(b).

{¶ 3} Subsequently, the state dismissed four counts of rape. On February 13, 2009, A.E. entered an admission to three counts of rape. The court deferred A.E.'s disposition so that a psychological evaluation could be conducted and a presentence investigation report ("PSI") could be prepared.

{¶ 4} On March 20, 2009, the court conducted both a disposition and a juvenile sex offender classification hearing. Ultimately, A.E. was committed to the Department of Youth Services ("DYS") for a minimum period of one year to age 21. The court also ordered that A.E. be classified as a Tier III juvenile sex offender registrant prior to his confinement at DYS. Specifically, A.E. was informed that he would be required to register as a juvenile sex offender every 90 days for the rest of his life.

{¶ 5} It is from this judgment entry that appellant appeals, raising the following two assignments of error:

{¶ 6} "I. The trial court abused its discretion when it found that A.E's classification as a tier iii juvenile sex offender registrant was mandatory in violation of R.C. 2950.01(E)–(G).

{¶ 7} "II. A.E. was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section Sixteen of the Ohio Constitution when defense counsel failed to familiarize herself on Ohio's juvenile offender classification procedures."

I

{¶ 8} In appellant's first assignment of error, he contends that the trial court erred in classifying him as a juvenile sex offender because the parties and judge believed that appellant was subject to mandatory classification.

{¶ 9} Based on our resolution of A.E's second assignment of error, we find A.E.'s first assignment of error moot and decline to address it. See App.R. 12(A)(1)(c); *In re J.M.*, Pike App. No. 08CA782, 2009-Ohio-4574, 2009 WL 2836452, at ¶ 60–61.

## II

{¶ 10} In appellant's second assignment of error, he contends that he was denied effective assistance of counsel. Specifically, he argues that trial counsel was ineffective for failing to educate herself about relevant juvenile offender classification procedures, failing to present the court with an accurate statement of the law as it related to appellant's duty to register under R.C. 2152.83, and failing to zealously advocate on behalf of her client. We agree.

{¶ 11} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell* (1993), 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180; *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

{¶ 12} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. *Bradley*, 42 Ohio St.3d at 142, 538 N.E.2d 373. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.

{¶ 13} The United States Supreme Court and the Ohio Supreme Court have held that a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley*, 42 Ohio St.3d at 143, 538 N.E.2d 373, quoting *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052, 80 L.Ed.2d 674.

{¶ 14} "When counsel's alleged ineffectiveness involves the failure to pursue a motion or legal defense, this actual prejudice prong of *Strickland* breaks down into two components. First, the defendant must show that the motion or defense 'is meritorious,' and, second, the defendant must show that there is a reasonable probability that the outcome would have been different if the motion had been granted or the defense pursued." *In re Adrian R.*, 5th Dist. No. 08–CA–17, 2008-Ohio-6581, 2008 WL 5207301, at ¶ 23, citing *Kimmelman v. Morrison* (1986), 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305.

{¶ 15} Here, under the first prong of the *Strickland* test, we find counsel's performance at the classification hearing deficient.

{¶ 16} R.C. 2152.83(B)(1) subjects juvenile sex offenders to registration requirements dependent upon their age and prior sexual offense adjudications. Children who are 13 years of age and younger and are adjudicated delinquent for a sex offense are not subject to classification and registration. R.C. 2152.83(B)(1). Registration for children who are 14 and 15 years old at the time of the offense, and have no prior sex offense adjudications, is discretionary. R.C. 2152.83(B). A clear distinction is made between 14– and 15–year–olds who have prior adjudications for sex offenses and "shall" have a registration hearing and those who are first-time offenders and "may" have a hearing. See. R.C. 2152.82(A); R.C. 2152.83(B).

{¶ 17} A.E. was 15 years old at the time of the alleged offense and had no prior contacts with the juvenile court system. At the registration hearing, however, the state and defense counsel sat completely silent when the court incorrectly stated that Tier III classification was mandatory. Indeed, the court engaged in a question and answer session with a probation officer, not any of the attorneys in the room, as to what the law required regarding the registration of juveniles.

{¶ 18} A.E.'s counsel did not raise any argument that A.E. should not be subject to classification. Further, A.E.'s counsel made no argument based on the factors listed as mandatory considerations under R.C. 2152.83(D) before the court issued its order. Stated differently, even if the trial court understood the discretionary nature of its determination, defense counsel made no argument that indicated that the trial court should decline to issue an order classifying A.E. as a juvenile offender registrant, let alone make that argument on the basis of the mandatory factors listed in the statute. *In re T.M.*, Adams App. No. 08CA863, 2009-Ohio-4224, 2009 WL 2569375, at ¶ 14.

{¶ 19} Where a court fails to appreciate that it has discretion and an attorney fails to argue based on that discretion, we find that our confidence in the outcome of the proceedings is undermined. See *In re B.W.*, Darke App. No. 1702, 2007-Ohio-2096, 2007 WL 1288529, at ¶ 28–30; *In re J.M*, 2009-Ohio-4574, 2009 WL 2836452, at ¶ 14; *In re T.M.*, 2009-Ohio-4224, 2009 WL 2569375, at ¶ 14.

{¶ 20} We find our decision in *In re Adrian R.*, 2008-Ohio-6581, 2008 WL 5207301, to be distinguishable. In that case, we noted, "[T]he court was aware that his determination was discretionary. While initially there appeared to be some confusion over the mandatory or discretionary nature of the classification, both parties clarified that the classification was in fact discretionary and the court recognized that understanding. Additionally, the court, in addressing the concerns regarding community notification, was well aware of the standards related to that issue and did not subject Appellant to community notification. The court spent an extensive amount of time discussing with Appellant the requirements placed upon him by classification and advised Appellant of the consequences of

failing to meet those requirements. Accordingly, we cannot say that the trial court was unaware of the nature of the proceedings and abused its discretion." Id. at ¶ 18.

{¶ 21} As previously noted, in the case at bar, A.E.'s counsel did not raise any argument that A.E. should not be subject to classification. Further, A.E.'s counsel made no argument based on the factors listed as mandatory considerations under R.C. 2152.83(D) before the court issued its order.

{¶ 22} Further, in *Adrian R.*, appellant argued that he had been denied the effective assistance of counsel because counsel did not know about the offender classification procedures and failed to present the court with an accurate statement of the law regarding appellant's duty to register. Id. at ¶ 24. However, this court found that the appellant in *Adrian R.* could not demonstrate that he had been prejudiced by the performance of his trial counsel because, "[w]hile trial counsel initially stated that he believed the registration provision to be mandatory, he did clarify during the hearing that the classification was discretionary. Counsel went on to advocate zealously for his client, informing the court of Appellant's accomplishments while in the custody of the Department of Youth Services, including graduating from high school with a 4.0 grade point average, being a mentor to other youths in DYS, and completing sex offender programming and demonstrating remorse for his actions. Moreover, even if we concluded that counsel's representation was outside the wide range of professionally competent assistance, which we do not, given the fact that the trial court was aware of the discretionary nature of the proceedings, Appellant suffered no prejudice." Id. at ¶ 24.

{¶ 23} In the case at bar, A.E.'s counsel failed to argue that R.C. 2152.83 gives the juvenile court full discretion to decide whether registration is appropriate in appellant's case and further discretion as to the tier classification.

{¶ 24} This court has addressed a similar situation. Where the record did not affirmatively demonstrate that the trial court was aware of the discretionary nature of the registration requirement, this court reversed and remanded the case for a new classification hearing. Of relevance to appellant's case, this court noted, "While the [probation officer] advised, and the trial court appears to have understood, the decision to classify Appellant a juvenile offender registrant was discretionary under R.C. 2152.83(B)(1), out of an abundance of caution, we reverse the trial court's decision and remand the matter to the trial court for redetermination of whether to classify Appellant a juvenile offender registrant." *In re D.D.*, Stark App. No. 2008CA0167, 2009-Ohio-2501, 2009 WL 1483144, at ¶ 28.

{¶ 25} Accordingly, we sustain A.E.'s second assignment of error insofar as he contends that he was denied effective assistance of counsel at his classification

hearing, vacate A.E.'s classification, and remand this matter to the trial court for a re-classification hearing.

Judgment accordingly.

WISE and EDWARDS, JJ., concur.