[Cite as *In re J.M.*, 2010-Ohio-2700.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO.    09 JE 21 |
| | ) | |
| J.M., | ) | O P I N I O N |
| | ) | |
| A DELINQUENT CHILD. | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from Common Pleas Court, Juvenile Division, Case No. 08DL35.

JUDGMENT:    Reversed and Remanded.

APPEARANCES:
For Appellee:    Attorney Thomas Straus
Prosecuting Attorney
Attorney Samuel Pate
Assistant Prosecuting Attorney
16001 State Route 7
Steubenville, Ohio  43952

For Appellant:    Attorney Timothy Young
Ohio Public Defender
Attorney Amanda Powell
Assistant Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio  43215

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated:  June 14, 2010

VUKOVICH, P.J.

¶{1}   Juvenile appellant J.M. appeals the decision of the Jefferson County Juvenile Court classifying him a Tier I juvenile sex offender.  Four issues are raised in this appeal.  The first issue is whether the juvenile court committed error in finding J.M. to be a juvenile offender registrant subject to classification under the sex offender statutes when the record does not clearly indicate he was fourteen years of age at the time of the offense.  The second issue is whether, assuming J.M. was fourteen years of age at the time offense, the juvenile court considered the factors in R.C. 2152.83(D) in finding J.M. to be a juvenile offender registrant and understood that the finding was discretionary, not mandatory.  The third issue is whether trial counsel provided J.M. effective assistance of counsel at the juvenile sex offender classification hearing held on May 14, 2009.  The fourth issue is whether Senate Bill 10's juvenile sex offender classification system violates the equal protection clause of the Ohio and United States Constitutions.  For the reasons expressed below, we find merit with the first and second issues and, accordingly reverse and remand the cause to the juvenile court for a redetermination of whether J.M. can be classified as a juvenile offender registrant. The remaining issues lack merit.

STATEMENT OF FACTS

¶{2}   A two count complaint was issued against J.M. on February 12, 2008, alleging that "sometime in 2005," he: 1) raped A.H. in violation of R.C. 2907.02(A)(1)(b), who was under thirteen years of age; and 2) attempted to rape A.H., in violation of R.C. 2907.02(A)(1)(b) and R.C. 2923.02(A).  The second count contained a specification that A.H. was under ten years of age at the time of the alleged offense.  J.M. was born January 26, 1991, and thus, at the time of the alleged offense, he was either thirteen or fourteen years old.

¶{3}   J.M. denied the allegations in the complaint and filed a motion for discovery.  02/25/08 J.E. and Motion.  On February 26, 2008, the state filed its answers to discovery.  Included in the response to discovery was a report from the investigating officer that stated that J.M. advised the officer that he was fourteen at the

time of the alleged offense. Also included was a written statement from J.M. in which he admitted the allegations that he had A.H. perform oral sex on him and he attempted anal sex with her. He claimed that he "was about 14" at that time.

¶{4} The state and J.M. reached a plea agreement and a change of plea hearing was held on May 21, 2008. The state amended the count for rape, a violation of R.C. 2907.02(A)(1)(b), a first-degree felony, to gross sexual imposition, in violation of R.C. 2907.05(A)(5), a fourth-degree felony. 05/14/09 Nunc Pro Tunc J.E.[1] The state dismissed the second count of the complaint. Id. J.M. then changed his plea from a denial to the admittance of the amended complaint. Id. The court then found J.M. to be a delinquent child and stated:

¶{5} "The Court finds that the delinquent child has been adjudicated a delinquent child or admitted to committing a sexually oriented offense as defined by Ohio Revised Code Chapter 2950, and pursuant to Ohio Revised Code Section 2152.82 or Division (A) or (B) of the Ohio Revised Code Section 2152.83, the delinquent child is hereby given notice of the duty to register as a juvenile sex offender in accordance with Ohio Revised Code Section 2950.03.

¶{6} "A hearing will be held at or prior to the end of disposition to determine his classification." Id.

¶{7} J.M. was then committed to the legal custody of the Ohio Department of Youth Services for a minimum period of six months. Id. However, that sentence was suspended, and he was placed at the New Horizon Youth Center for a minimum period of six months. Id. The court also imposed probation for a minimum term of one year and J.M. was ordered to have no contact with the victim. Id.

---

[1]The plea was originally changed on May 21, 2008 and journalized on that date. In that entry the juvenile court indicated that the rape charge was amended to gross sexual imposition, a violation of R.C. 2907.05(B), a third degree felony, and also indicated that the second count in the complaint was dismissed. On August 20, 2008, the court entered a Nunc Pro Tunc entry that did not change the May 21, 2008 judgment entry in any respect, except that it added that J.M. could not have contact with the victim. Then on May 14, 2009, the court entered another Nunc Pro Tunc entry where the court indicated that the first count of the complaint was changed from rape to gross sexual imposition, in violation of R.C. 2907.05(A)(5), a third-degree felony. J.M. alleges that the May 2009 Nunc Pro Tunc entry was done so that J.M. could be classified to the lowest sexual offender classification. The plea transcript does not indicate the statutory section for the pled to gross sexual imposition charge, rather, it merely states that J.M. was pleading guilty to "gross sexual imposition."

**¶{8}** On May 14, 2009, J.M.'s placement with New Horizons was terminated and a classification hearing was held. 05/14/09 J.E.; 05/14/09 Transcript. Following the hearing, the juvenile court once again stated that J.M. had been adjudicated a delinquent child for having committed a sexually oriented offense and was given notice of the duty to register as a juvenile sex offender. It further classified him as Tier I Offender, the lowest level, and once again stated that he had been classified pursuant to R.C. 2152.82 or R.C. 2152.83(A) or (B). 05/14/09 J.E.

**¶{9}** J.M. timely appeals from the order classifying him a juvenile sex offender and labeling him a Tier I offender.

### FIRST ASSIGNMENT OF ERROR

**¶{10}** "THE JEFFERSON COUNTY JUVENILE COURT COMMITTED PLAIN ERROR WHEN IT CLASSIFIED J.M. AS A TIER I JUVENILE SEX OFFENDER REGISTRANT WITHOUT MAKING A DETERMINATION ABOUT J.M.'S AGE AT THE TIME OF THE OFFENSE. R.C. 2152.83(B)."

### SECOND ASSIGNMENT OF ERROR

**¶{11}** "THE JEFFERSON COUNTY JUVENILE COURT COMMITTED REVERSIBLE ERROR WHEN IT CLASSIFIED J.M. AS A TIER I JUVENILE SEXUAL OFFENDER REGISTRANT WITHOUT FOLLOWING THE REQUIREMENTS PROVIDED BY R.C. 2152.83(B)(2)-(D)."

**¶{12}** These assignments of error both address the trial court's classification of J.M. as a Tier I juvenile offender registrant. Thus, they are addressed simultaneously.

**¶{13}** J.M. admits that neither he nor counsel objected to the juvenile court's classification. Thus, we review the arguments under a plain error analysis. Plain error "exists when an error 'seriously affects the basic fairness, integrity or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.'" *In re J-M.W.,* 9th Dist. Nos. 23066 and 23144, 2006-Ohio-6156, ¶9, quoting *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 122-23.

**¶{14}** A juvenile court's obligation to classify a juvenile sex offender is governed by portions of both R.C. Chapter 2152 and R.C. Chapter 2950. In 2007, the General Assembly enacted Senate Bill 10 to implement the federal Adam Walsh Child Protection and Safety Act of 2006. In doing that, the general assembly modified the

classification scheme for both juvenile and adult sex offenders. That said, under both the old law and Senate Bill 10, the juvenile court must engage in a two step process in classifying a juvenile sex offender. *In re C.A.*, 2d Dist. No. 23022, 2009-Ohio-3303, ¶37. First, the court must determine whether the juvenile is a juvenile offender registrant who is subject to classification and registration. Id. Second, if the child is found to be a juvenile offender registrant, the juvenile court must then determine what tier, I, II or III, is applicable to the juvenile. Id. at ¶38.

¶{15} Under these assignments of error, J.M. finds fault with the juvenile court's determination that he was a juvenile offender registrant for two reasons. First, he contends that the court committed reversible error when it did not find, prior to labeling him a juvenile offender registrant, that he was fourteen years old at the time of offense. He claims that according to the indictment he could have been either thirteen or fourteen years of age at the time of the offense since the indictment indicated that the offense occurred "sometime in 2005." He then asserts that if he was thirteen years of age at the time of the offense, he could not be found to be a juvenile offender registrant and classified under the sex offender classification and registration statutes. Second, he contends that even if he was fourteen at the time of the offense, by statute, classification is discretionary, not mandatory. He claims that the record does not show that the juvenile court was aware that classification was discretionary.

¶{16} The state argued in its appellate brief that J.M.'s arguments under these assignments of error lack merit because as part of the negotiated plea agreement it was agreed by the parties that the offense occurred when J.M was fourteen years of age. This argument was not based on the record, but rather on the state's recollections. At oral argument, however, the state agreed that the matter should be remanded to the trial court for a new classification hearing.

¶{17} Our analysis begins with J.M.'s first argument that children under the age of fourteen adjudicated delinquent for a sex offense are not subject to classification and registration. It has been explained by our sister district that children under the age of fourteen that are adjudicated delinquent for a sex offense are not subject to classification and registration. *In re A.E.*, 184 Ohio App.3d 812, 2009-Ohio-6094, ¶16.

The statutes governing sex offender classification for both adults and juveniles support such a conclusion.

¶{18} R.C. Chapter 2950 is the sex offender statute. R.C. 2950.01(M) defines a "juvenile offender registrant" as:

¶{19} "a person who is adjudicated a delinquent child for committing on or after January 1, 2002, a sexually oriented offense or a child-victim oriented offense, who is **fourteen years of age or older** at the time of committing the offense, and who a juvenile court judge, pursuant to an order issued under section 2152.82, 2152.83, 2152.84, 2152.85, or 2152.86 of the Revised Code, classifies a juvenile offender registrant and specifies has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code." (Emphasis Added).

¶{20} R.C. Chapter 2152 governs juveniles and sections 2152.82, 2152.83, 2152.84, 2152.85 and 2152.86 discuss children adjudicated delinquent for committing a sexually oriented offense. Three of those statutes indicate that only children ages fourteen through seventeen can be classified. R.C. 2152.82(A)(2) (titled Juvenile offender registrant); R.C. 2152.83(A)(1)(b) and (B)(1)(b) (titled Order classifying child as juvenile offender registrant; hearing to review effectiveness of disposition and treatment); R.C. 2152.86(A)(1), (A)(2)(b), and (A)(3)(b) (titled Duties of the court in event of delinquency adjudication, release of child from department of youth services, or classification of child as juvenile offender registrant; automatic sex offender/child-victim offender classification; right to request hearing to contest classification).

¶{21} Consequently, given all of the above, juvenile offenders under the age of fourteen at the time of the offense cannot be classified a juvenile offender registrant.

¶{22} The record discloses that J.M. was born January 26, 1991, and therefore, for the first 26 days of 2005, he was thirteen years of age. The complaint states that the offense occurred some time in 2005. Therefore, J.M. could have been either thirteen or fourteen years old at the time of the offense.

¶{23} Nothing in the record before this court conclusively establishes whether J.M. was thirteen or fourteen years of age at the time of the commission of the offense. The state did not amend the complaint to specify that the offense occurred when J.M. was fourteen years of age. The record also does not contain the negotiated plea

agreement, which could possibly show that J.M. agreed that he was 14 years old at the time of the offense and agreed to the Tier I classification. Likewise, the transcript of the change of plea hearing does not indicate that the parties were agreeing that the offense occurred when J.M. was fourteen and that he was agreeing to the Tier I classification (the state was not even present at the change of plea hearing).[2]

¶{24} The only evidence in the record of J.M.'s age at the time of the offense is conflicting. In the discovery packet, which was filed with the court prior to the change of plea and prior to the classification hearing, the officer's incident report indicates that J.M. told the officer the offense occurred when he was fourteen. However, the discovery packet also included a written statement made by J.M. in which he stated that "I was about 14." J.M. indicating he was "about" fourteen is not a clear indication of his age. Thus, the record before this court creates an issue as to whether J.M. was 13 or 14 years of age at the time of the offense.

¶{25} However, that is not the only problem in this case. J.M.'s second argument is that the record does not show that the trial court was aware that if J.M. was fourteen at the time of the offense that labeling him a juvenile offender registrant and classifying him in a tier was discretionary, not mandatory. There is merit with this argument.

¶{26} The juvenile court's classification order states that J.M. was classified pursuant to R.C. 2152.82 or R.C. 2152.83(A) or (B). 05/14/09 J.E. J.M. could not be classified under either R.C. 2152.82 or 2152.83(A). While R.C. 2152.82 applies to children fourteen through seventeen years of age, it is inapplicable to J.M. because it only applies to children "previously * * * adjudicated a delinquent child for committing any sexually oriented offense, regardless of when the prior offense was committed and regardless of the child's age at the time of committing the offense." R.C. 2152.82(A)(3). The record contains no indication that J.M. previously had been adjudicated delinquent because of the commission of a prior offense, let alone a

[2]Had the state simply filed the negotiated plea, appeared at the plea hearing and indicated that the parties agreed that J.M. was fourteen at the time of the offense, or amended the complaint to indicate he was fourteen at the time of the offense, the state would not have to rely on its "recollection" to support its argument that J.M. was fourteen at the time of the offense.

sexually oriented offense. Similarly, R.C. 2152.83(A) is not applicable because it only applies to children sixteen and seventeen years of age. R.C. 2152.83(A)(1)(b).

¶{27} Therefore, the juvenile court's classification could only be correct if R.C. 2152.83(B) is applicable. That section states:

¶{28} "(B)(1) The court that adjudicates a child a delinquent child, on the judge's own motion, may conduct at the time of disposition of the child or, if the court commits the child for the delinquent act to the custody of a secure facility, may conduct at the time of the child's release from the secure facility a hearing for the purposes described in division (B)(2) of this section if all of the following apply:

¶{29} "(a) The act for which the child is adjudicated a delinquent child is a sexually oriented offense or a child-victim oriented offense that the child committed on or after January 1, 2002.

¶{30} "(b) The child was fourteen or fifteen years of age at the time of committing the offense.

¶{31} "(c) The court was not required to classify the child a juvenile offender registrant under section 2152.82 of the Revised Code or as both a juvenile offender registrant and a public registry-qualified juvenile offender registrant under section 2152.86 of the Revised Code.

¶{32} "(2) A judge shall conduct a hearing under division (B)(1) of this section to review the effectiveness of the disposition made of the child and of any treatment provided for the child placed in a secure setting and to determine whether the child should be classified a juvenile offender registrant. The judge may conduct the hearing on the judge's own initiative or based upon a recommendation of an officer or employee of the department of youth services, a probation officer, an employee of the court, or a prosecutor or law enforcement officer. If the judge conducts the hearing, upon completion of the hearing, the judge, in the judge's discretion and after consideration of the factors listed in division (E) [sic] of this section, shall do either of the following:

¶{33} "(a) Decline to issue an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code;

¶{34} "(b) Issue an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code and that states the determination that the judge makes at the hearing held pursuant to section 2152.831 of the Revised Code as to whether the child is a tier I sex offender/child-victim offender, a tier II sex offender/child-victim offender, or a tier III sex offender/child-victim offender." R.C. 2152.83(B).

¶{35} Assuming that J.M. was fourteen at the time of the offense, the three requirements in subsection (B)(1)(a), (b), and (c) are met and thus, following the hearing after J.M. was released from New Horizon Youth Center, the juvenile court was permitted to classify him. That said, the language of section (B)(2)(a) and (b) clearly indicates that such a classification is discretionary and that the juvenile court must consider certain factors before determining whether to classify a juvenile. R.C. 2152.83(B)(2) stated that these factors are found in division R.C. 2152.83(E). However, the indication that the factors are found in section (E) appears to be a typographical error since there are no factors listed in that section. It appears that the legislature meant section (D), which states:

¶{36} "(D) In making a decision under division (B) of this section as to whether a delinquent child should be classified a juvenile offender registrant, a judge shall consider all relevant factors, including, but not limited to, all of the following:

¶{37} "(1) The nature of the sexually oriented offense or the child-victim oriented offense committed by the child;

¶{38} "(2) Whether the child has shown any genuine remorse or compunction for the offense;

¶{39} "(3) The public interest and safety;

¶{40} "(4) The factors set forth in division (K) of section 2950.11 of the Revised Code, provided that references in the factors as set forth in that division to 'the offender' shall be construed for purposes of this division to be references to 'the delinquent child;'

¶{41} "(5) The factors set forth in divisions (B) and (C) of section 2929.12 of the Revised Code as those factors apply regarding the delinquent child, the offense, and the victim;

¶{42} "(6) The results of any treatment provided to the child and of any follow-up professional assessment of the child." R.C. 2152.83(D).

¶{43} This section's use of the word "shall" indicates that the juvenile court is required to consider those factors prior to determining whether or not to find J.M. to be a juvenile offender registrant. That said, there is nothing in the statute that indicates that the juvenile court was required to state on the record that it considered those factors and/or which ones applied.

¶{44} The entire colloquy at the classification hearing is as follows:

¶{45} "THE COURT: We'll call Case Number 2008-DL-34, [J.M.]. The case is called for a classification hearing. We have no prosecutor, although it's not necessary. Mr. Stickles, is there anything you'd like to say before we proceed?

¶{46} "MR. STICKLES [counsel for J.M.]: Just briefly, Your Honor. I've had a chance to go over this with my client. We've gone over the nunc pro tunc journal entry in this case amending the code section from 2907.05(B) to one of 2907.05(A)(5).

¶{47} "He understands at this time that that will result in a registration period of 10 years during which time he will have to register in person with the sheriff of the county in which he resides, is employed or obtaining an eduction [sic] annually on the anniversary date of his initial registration.

¶{48} "We've gone over the registration form. Your Honor, I've gone over it with him and his parents. To the best of anyone's ability I fully believe they understand the form. It is complicated in nature and they have been instructed that should they have any questions they're to contact either my office or Lieutenant Bell after Mr. McGraw completes his initial registration today.

¶{49} "THE COURT: Very well. Thank you. We'll go over that again. So based on the nunc pro tunc order which makes it possible that we can use Tier 1 [sic] as opposed to a more restrictive or more punitive registration, based on that order the Court finds that you are a Tier 1 [sic] sex offender and you are not going to be subject to community notification. In other words, we're not going to tell everybody around you

but – but you are going to have to comply with these requirements which are contained which Mr. Stickles has already gone over with you and you're also going to go over it with Mr. Abdalla who will be the court's representative with regard to that. Do you have any questions?

¶{50} "[J.M.]: No, sir.

¶{51} "THE COURT: All right. Then we will order that you be a Tier 1 [sic] – classification as a Tier 1 [sic] sex offender. Okay. Good luck to you.

¶{52} "[J.M.]: Thank you.

¶{53} "THE COURT: Thank your attorney. He did a good job for you.

¶{54} "MR. STICKLES: Thank you, Your Honor." 05/14/09 Tr. 3-4.

¶{55} From this dialog we cannot conclude that the trial court or counsel was aware that if J.M. was fourteen at the time of the offense that classification and registration was discretionary, not mandatory or that if J.M. was thirteen at the time of the offense classification was not permitted.

¶{56} The Fifth Appellate District has recently reviewed an argument that the classification of a fifteen year old juvenile as a juvenile offender registrant and a Tier III offender was done without considering all necessary factors. *In the Matter of D.D.*, 5th Dist. No. 2008CA0167, 2009-Ohio-2501. In that case, the court, at the hearing, indicated that the classification as a Tier III offender was mandatory. The prosecutor then interjected that given the juvenile's age, registration as a juvenile offender registrant was discretionary, not mandatory. The juvenile court then found that it had no discretion as to which tier to classify D.D., he was classified a Tier III offender as a matter of law. In remanding for a new classification hearing, the Fifth Appellate District stated:

¶{57} "The record clearly reflects the trial court found the classification level to be Tier III as a matter of law. And, while the prosecutor advised and the trial court appears to have understood, the decision to classify Appellant a juvenile offender registrant was discretionary under R.C. 2152.83(B)(1), out of an abundance of caution, we reverse the trial court's decision and remand the matter to the trial court for redetermination of whether to classify Appellant a juvenile offender registrant." Id. at ¶28.

¶{58} The classification hearing in the case at hand does not clearly show that the trial court or counsel were aware that classification as a juvenile offender registrant for a fourteen year old was discretionary. As such, the *In the Matter of D.D.* case is factually distinguishable from the case at hand, because in that case the Fifth Appellate District found that the trial court seems to have understood that classification as a juvenile offender registration was discretionary. However, the factual difference actually makes the Fifth Appellate District's reasoning more persuasive. That is, if one would reverse a case where discretion was discussed and appears to have been understood, it seems logical that one would also reverse a case where it is not discussed at all.

¶{59} Consequently, we embrace the Fifth Appellate District's use of an abundance of caution and reverse and remand the cause for a redetermination of whether J.M. is to be classified as a juvenile offender registrant and assigned Tier I. We do so for four reasons. First, the record before this court does not establish whether J.M. was fourteen or thirteen years of age when he committed the offense. Second, we do not know from the record before this court whether there was a negotiated plea agreement between the parties where the parties agreed that J.M. was fourteen at the time of the offense. Third, if there was a plea agreement, we do not know whether the juvenile offender registrant classification and Tier I classification was a part of that plea agreement. Finally, if there was no plea agreement, the record before this court does not show whether the trial court or defense counsel was aware that classification for a fourteen year old was discretionary and that classification was not permitted if J.M. was thirteen years of age at the time of the offense. As such, we find merit with these assignments of error.

THIRD ASSIGNMENT OF ERROR

¶{60} "J.M. WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION. R.C. 2152.83(B)."

¶{61} In J.M.'s third assignment or error, he argues that trial counsel was ineffective at the classification hearing for two reasons. First, counsel failed to argue

that J.M. was possibly thirteen at the time of the offense and thus, classification was not permitted. Second, he contends that even if he was fourteen at the time of the offense, counsel was still ineffective because he did not understand or argue that classification was discretionary. Furthermore, counsel did not argue any of the factors in R.C. 2152.83(D).

¶{62} Based on our resolution of the first and second assignments of error, this assignment of error is rendered moot and consequently is not addressed.

FOURTH ASSIGNMENT OF ERROR

¶{63} "THE TRIAL COURT ERRED WHEN IT APPLIED SENATE BILL 10 TO J.M., AS THE LAW VIOLATES HIS RIGHT TO EQUAL PROTECTION UNDER THE LAW. FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION; ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION."

¶{64} J.M. contends that Senate Bill 10 violates his right to equal protection under the law because it treats classes of juvenile offenders differently. For instance, juvenile offenders that are found delinquent for committing a sexually oriented offense when they are sixteen or seventeen years of age are mandated to be labeled juvenile offender registrants. R.C. 2152.82; R.C. 2152.83(A). Thus, those juveniles are automatically subject to classification and registration under R.C. 2950.01. However, first time juvenile offenders that are found delinquent for committing a sexually oriented offense when they are fourteen or fifteen years of age are not mandated by the statute to be labeled juvenile offender registrants, rather it is a discretionary decision for the juvenile court. R.C. 2152.83(B); R.C. 2152.82(A). Thus, those juveniles may not be subject to classification and registration under R.C. 2950.01. Furthermore, a juvenile offender that is found delinquent for committing a sexually oriented offense when he/she is under fourteen, by statute, cannot be labeled a juvenile offender registrant and, thus, is not subject to classification and registration under R.C. 2950.01. R.C. 2950.01(M); R.C. 2152.82(A); R.C. 2152.83(A) and (B). Thus, his arguments are addressing the constitutionality of R.C. 2152.82, R.C. 2152.83 and R.C. 2950.01 as applied to juveniles.

¶{65} J.M. did not raise this issue to the juvenile court. Typically, constitutional issues not raised to the trial court are waived on appeal. *In re Goodman,* 161 Ohio

App.3d 192, 2005-Ohio-2364, ¶26, citing *State v. Awan* (1986), 22 Ohio St.3d 120, 122-123.  However, it is within the reviewing court's discretion to address the constitutional argument under a plain error analysis.  *In re M.D.* (1988), 38 Ohio St.3d 149, 151 (stating that the waiver doctrine announced in *Awan* is discretionary).  The Ohio Supreme Court has cautioned that constitutional questions should not be answered unless it is absolutely necessary; if a case can be decided without addressing the constitutional issue, the constitutional issues should not be ruled on. *State v. Talty,* 103 Ohio St.3d 177, 2004-Ohio-4888, ¶9.  See, also, *State v. Hale*, 7th Dist. No. 04MO14, 2005-Ohio-7080, ¶11.  As aforementioned, we have found merit with the first and second assignments of error.  Consequently, in this instance, we decline to exercise our discretion to review the constitutional argument.[3]

## CONCLUSION

¶{66}  For the foregoing reasons, we find that the first and second assignments of error have merit.  Therefore, the judgment of the trial court is hereby reversed and this cause is remanded to the trial court for redetermination of whether to classify J.M. as a juvenile offender registrant.  The third assignment of error is rendered moot by our resolution of the first two assignments of error.  Likewise, we decline to exercise our discretion to review the fourth assignment of error because of our resolution of the first and second assignments of error and because the matter was not first raised in the trial court.

Waite, J., concurs.
DeGenaro, J., concurs.

---

[3]Currently pending before the Ohio Supreme Court is the constitutionality of the Adam Walsh Act as it applies to juveniles.  *In re Smith*, 120 Ohio St.3d 1416, 2008-Ohio-6166.  Upon remand, if the constitutionality of the Adam Walsh Act is raised to the trial court, *In re Smith* may control and resolve those issues.