[Cite as *State v. Gamble*, 2022-Ohio-2964.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellant,

v.

JOHN E. GAMBLE,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 2021-CO-00006**

---

Criminal Appeal from the
Municipal Court of Columbiana County, Ohio
Case No. 20CRB000796

**BEFORE:**
Thomas R. Wright, Cynthia Westcott Rice, Mary Jane Trapp, Judges.

---

**JUDGMENT:**
Reversed; remanded

*Atty. Dave Yost*, Ohio Attorney General, *Atty. Benjamin M. Flowers*, Solicitor General, *Atty. John Rockenbach*, Deputy Solicitor General, *Atty. Daniel M. Kasaris*, Assistant Attorney General, 30 East Broad Street, 17th Floor, Columbus, Ohio 43215, for Plaintiff-Appellant, and

*Atty. Ronald D. Yarwood*, DeGenova and Yarwood Ltd., 42 North Phelps Street, Youngstown, Ohio 44503, and *Atty. John B. Juhasz*, 7081 West Boulevard, Suite No. 4 Youngstown, Ohio 44512, for Defendant-Appellee.

Dated:  August 25, 2022

---

**WRIGHT, J.**

{¶1}    Appellant, the state of Ohio, appeals the judgment dismissing the criminal complaint filed against appellee, John E. Gamble.  We reverse and remand.

{¶2}    In 2020, a criminal complaint was filed against Gamble alleging that during his campaign as a candidate for the office of Columbiana County Prosecutor in 2020, Gamble solicited and aided classified civil servants to pose with him for a campaign advertisement that was posted on Facebook.  The complaint charged Gamble with four counts of complicity in violation of R.C. 2923.03(A)(1)-(2) for soliciting and aiding others to violate the Little Hatch Act.  *See* R.C. 124.57.  Thereafter, Gamble moved to dismiss the complaint.  After hearing arguments on the matter, the trial court granted the motion.

{¶3}    In its sole assigned error, the state maintains:

THE TRIAL COURT ERRED IN GRANTING JOHN GAMBLE'S MOTION TO DISMISS THE CRIMINAL COMPLAINT.

{¶4}    Although not referenced in the judgment entry, Crim.R. 12(C) governs pretrial motions.  This rule provides that "[p]rior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue."  "Crim.R. 12 permits a court to consider evidence beyond the face of [the charging instrument] when ruling on a pretrial motion to dismiss [the charging instrument] if the matter is capable of determination without trial of the general issue."  *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 3; *see also State v. Gaines*, 193 Ohio App.3d 260, 2011-Ohio-1475, 951 N.E.2d 814, ¶ 16 (12th

Dist.) ("The Ohio Rules of Criminal Procedure do not provide for the equivalent of a civil motion for summary judgment.").

**{¶5}** The four charges alleged violations of R.C. 2923.03(A)(1)-(2), which provides, "No person, acting with the kind of culpability required for the commission of an offense, shall * * * [s]olicit or procure another to commit the offense" or "[a]id or abet another in committing the offense[.]" The alleged underlying offenses here pertain to the Little Hatch Act, which, in relevant part, prohibits an "officer or employee in the classified service of the state, the several counties, cities, or city school districts of the state, or the civil service townships of the state" from "tak[ing] part in politics other than to vote as the officer or employee pleases and to express freely political opinions." R.C. 124.57(A). In *Heidtman v. Shaker Heights*, 163 Ohio St. 109, 56 O.O. 171, 126 N.E.2d 138 (1955), the Supreme Court of Ohio addressed the prohibition of "tak[ing] part in politics" as set forth in the predecessor to R.C. 124.57 and held that the phrase must be read in its narrower, partisan context, to wit: "'political affairs in a party sense; the administration of public affairs or the conduct of political matters so as to carry elections and secure public office; party intrigues; political wirepulling; trickery.'" *Heidtman* at 118-119, quoting Funk & Wagnalls New Standard Dictionary (1952). The Ohio Administrative Code provides guidelines concerning conduct regulated by the Little Hatch Act. *See* Ohio Adm.Code 123:1-46-02.[1]

---

1. "(A) The purpose of this rule is to provide appointing authorities, personnel officers, and others with guidelines concerning political activity. Employees in the classified service of the state are prohibited by section 124.57 of the Revised Code from engaging in political activity. * * *(B) Examples of permissible activities for employees in the classified service include, but are not limited to the following: (1) Registration and voting; (2) Expression of opinions, either oral or written; (3) Voluntary financial contributions to political candidates or organizations; (4) Circulation of nonpartisan petitions, petitions that do not identify with any particular party, or petitions stating views on legislation; (5) Attendance at political rallies; (6) Signing nominating petitions in support of individuals; (7) Display of political materials in the employee's home or on the employee's property; (8) Wearing political badges or buttons, or the display of political stickers on private vehicles; and (9) Serving as a precinct election official under section 3501.22 of the Revised Code. (C) The following activities are prohibited to employees in the classified service: (1) Candidacy for public office in a partisan election; (2) Candidacy for public office in a nonpartisan general election if the nomination to candidacy was obtained in a partisan primary or through the circulation of nominating petitions identified with a political party; (3) Filing of petitions meeting statutory requirements for partisan candidacy to elective office; (4) Circulation of official nominating petitions for any candidate participating in a partisan election; (5) Service in an elected or appointed office in any partisan political organization; (6) Acceptance of a party-sponsored appointment to any office normally filled by partisan election; (7) Campaigning by writing for publications, by distributing political material, or by writing or making speeches on behalf of a candidate for partisan elective

{¶6}    Here, evidence was not presented on the issues raised in the motion to dismiss, and the hearing on the motion consisted of oral argument only.   After hearing, the trial court dismissed the complaint.  The parties have differing interpretations of the dismissal entry.  Therefore, we reproduce the relevant paragraphs below, with lettering added for purposes of discussion.[2]  After quoting the Little Hatch Act, the entry provides:

> [A] The Defendant's contention is that the application of this statute under the unique facts and circumstances of this case would amount to a violation of the Defendant's rights guaranteed by both the US Constitution in amendments I and XIV and the Ohio Constitution in Article I sections 2, 11, 16 and 20.  Defendant does not contend, nor can this Court find herein that the above Statute is Unconstitutional on its face.  However, the Defendant does challenge this Statute as it is applied to him and these facts and circumstances which is disputed by the State of Ohio.
>
> [B] More specifically, the Defendant (and any uncharged principal) enjoys a Constitutionally protected right to freedom of speech and of free association.  ORC 124.57 speaks specifically to covered State actors of their right "to express freely political opinions".  In order for the State of Ohio to restrict/infringe on these individual freedoms, they must show a Compelling State Interest to do so.  The State's Interest does not rise to that level herein.  Therefore, this prosecution must fail as a matter of law.
>
> [C] Part of the Defendant's challenge to the ORC section above is that by its very terms, it is applicable to employees "in the classified service", of which clearly this Defendant is not.
>
> [D] Another issue is whether this Defendant may be properly charged with complicity when no principal actor has been

---

office, when such activities are directed toward party success; (8) Solicitation, either directly or indirectly, of any assessment, contribution or subscription, either monetary or in-kind, for any political party or political candidate; (9) Solicitation of the sale, or actual sale, of political party tickets; (10) Partisan activities at the election polls, such as solicitation of votes for other than nonpartisan candidates and nonpartisan issues; (11) Service as witness or challenger for any party or partisan committee; (12) Participation in political caucuses of a partisan nature; and (13) Participation in a political action committee which supports partisan activity."

2.  A copy of the entirety of the trial court's judgment entry is attached.

charged with the underlying offense. The Court finds that the prosecution doesn't fail on these grounds.

[E] However, the gravamen of this point is whether a criminal prosecution involving Complicity may be maintained where the underlying crime[ ](charged or not) does not exist? The Court finds the answer to be no. However, is there an actual underlying crime alleged here? In order to sustain this prosecution, the State of Ohio must show that the Defendant assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime and must have shared the criminal intent of the principal. The State can not sustain their burden in this prosecution because this Defendant is in the UNCLASSIFIED service not the CLASSIFIED service as required by ORC 124.57. Because he can not be prosecuted under these circumstances under ORC 124.57, this prosecution must fail as a matter of law.

{¶7} Accordingly, the trial court begins in paragraph A by summarizing Gamble's claim that the Little Hatch Act is unconstitutional as applied to him.

{¶8} However, the parties then read paragraph B as a holding of the court, although they disagree as to the import of the holding. The state reads this paragraph as holding that the Little Hatch Act is unconstitutional as applied to Gamble. However, Gamble appears to interpret this paragraph as determining that the constitutional right to freely express political opinions is embedded in the Little Hatch Act, and, because of this, the state was required to demonstrate a compelling reason to restrict these rights to establish commission of the underlying offense.

{¶9} However, we do not reach the merits of either party's interpretation of paragraph B, as it does not announce the trial court's ruling or reasoning on the issues. The paragraph begins with the phrase "more specifically," which would refer to the discussion immediately prior, wherein the trial court recounted Gamble's challenges. Thus, paragraph B appears to be continuing the recitation of Gamble's arguments. The court makes no indication in paragraph B that it has shifted from recitation of argument to reasoning or finding of the court. Accordingly, as there is no further reference in the decision to the First Amendment, the trial court did not reach the issue. Instead, the court dismissed the complaint on other grounds. *See In re J.M.*, 7th Dist. Jefferson No. 09 JE 21, 2010-Ohio-2700, ¶ 65, citing *State v. Talty*, 103 Ohio St.3d 177, 814 N.E.2d 1201,

2004-Ohio-4888, ¶ 9. ("The Ohio Supreme Court has cautioned that constitutional questions should not be answered unless it is absolutely necessary; if a case can be decided without addressing the constitutional issue, the constitutional issues should not be ruled on."). We decline to review, in the first instance, the merits of the constitutional arguments, including the effect of inclusion of First Amendment protections in the Little Hatch Act. *See Carney v. Shockley*, 2014-Ohio-5830, 26 N.E.3d 1217, ¶ 48 (7th Dist.) (discussing impropriety of appellate court deciding summary judgment issue that the trial court had not reached).

{¶10} Next, with respect to paragraphs C and D, neither party disputes the statements contained therein. However, the state maintains that the trial court's reliance on Gamble being in the unclassified service indicates that the trial court misunderstood the nature of the charges. Specifically, the state repeatedly references that Gamble was not charged directly with violation of the Little Hatch Act, but instead with complicity. There is no dispute that Gamble was charged with complicity, and our reading of the entry does not indicate that the trial court misunderstood the nature of the charges.

{¶11} However, with respect to paragraph E, it is unclear what the trial court intended by questioning whether the underlying offense "exist[s]" and whether there was "an actual underlying crime alleged[.]" There is no dispute that the Little Hatch Act constituted the alleged underlying offense in the complaint, which tracked the relevant portions of the statutory language regarding complicity and the Little Hatch Act in each count.

{¶12} Gamble appears to construe the questions posed in paragraph E as the trial court questioning whether the underlying offense was proven. Gamble maintains that the trial judge afforded the state the opportunity "to prove" violation of the Little Hatch Act by holding a hearing on Gamble's motion, "but at that hearing, the state offered no evidence, no witnesses, no exhibits."

{¶13} The state argues that it was not yet required to prove whether the principals violated the Little Hatch Act and whether Gamble was complicit in such a violation. We agree. Such issues are the general issues for trial on this matter and not appropriately decided by way of a pretrial motion to dismiss. *See Gaines*, 2011-Ohio-1475, at ¶ 21 (where trial court "did not simply determine whether the indictments alleged an offense"

but "engaged in a pretrial determination of the general issue of the case" dismissal was not proper under Crim.R. 12(C)).

**{¶14}** The essence of the trial court's ruling is contained in the remainder of paragraph E. The trial court concluded that because Gamble could not be directly charged for violation of the Little Hatch Act (because he was not a classified employee)[3], he likewise could not be charged as complicit in such a violation. However, we are unable to locate support for the latter determination. One requirement of complicity is acting "with the kind of culpability required for the commission of an offense." However, the statute does not require the accomplice be subject to prosecution for direct commission of the offense to sustain a complicity charge. *See* R.C. 2923.03.

**{¶15}** Accordingly, the state's assigned error has merit. The judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion. We express no opinion as to the parties' arguments relative to the First Amendment, as, to the extent such arguments were presented to the trial court, they remain to be decided by the trial court in the first instance.

---

3. The state maintains that it could have charged Gamble directly with violating the Little Hatch Act under a provision of the statute that pertains to all persons, regardless of whether they are classified civil servants. However, as this was not the manner in which Gamble was charged here, we do not further address this issue.

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is sustained, and it is the final judgment and order of this Court that the judgment of the Municipal Court of Columbiana County, Ohio, is reversed. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

_____

**JUDGE THOMAS R. WRIGHT,**
**ELEVENTH DISTRICT COURT OF APPEALS,**
**SITTING BY ASSIGNMENT**

_____

**JUDGE CYNTHIA WESTCOTT RICE,**
**ELEVENTH DISTRICT COURT OF APPEALS,**
**SITTING BY ASSIGNMENT**

_____

**JUDGE MARY JANE TRAPP,**
**ELEVENTH DISTRICT COURT OF APPEALS,**
**SITTING BY ASSIGNMENT**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**



IN THE MUNICIPAL COURT OF  MAR 0 8 2021

COLUMBIANA COUNTY, OHIO   ANTHONY J. DATTILIO
CLERK

| | |
|---|---|
| **STATE OF OHIO** | **CASE NO.  20 CRB 000796** |
| **Plaintiff** | |
| **vs.** | **JUDGMENT ENTRY** |
| **JOHN E. GAMBLE** | |
| **Defendant** | |

This matter came before the Court for hearing on March 5, 2021 with Counsel for both parties: Assistant Attorney General Daniel M. Kasaris for the State of Ohio and Attorneys Ronald D. Yarwood and John B. Juhasz for the Defendant appearing.

Counsel addressed the pending issues/motions as follows:

1. The August 4, 2020 Complaint which charges the Defendant with 4 Unclassified Misdemeanors in violation of ORC 2923.03(a)(1), ORC 124.57(A) and ORC 124.62.  ORC 124.57 is being enforced pursuant to ORC 124.64.
2. The Defendant's November 14, 2020 Motion to dismiss the complaint;
3. The Defendant's November, 2020 Motion in Limine;
4. The State of Ohio's February 23, 2021 Response to the Motion to dismiss the complaint.

As to #3 above, the parties discussed the list of witnesses and other evidence and expressed confidence an agreement could be reached.  Regarding the Motion in Limine, it was taken under advisement until the time of trial as may then be germane.

Regarding the remaining issues raised above, the Court has had the opportunity to fully consider them in light of the record in this case. This includes the oral argument in open Court offered by Counsel for both sides.

The Defendant's Motion to Dismiss is two pronged contending that these charges must be dismissed as the State's complaint is:

    A. An attempt to criminalize Constitutionally Enshrined rights of Freedom of Speech and Freedom of Association;

    B. An improper allegation of Complicity by this defendant to commit a crime where there is no underlying crime.

Ohio Revised Code Section 124.57 is commonly known as the "Little Hatch Act" written into statutory law in part to prevent employees in the classified civil service from engaging in partisan political activities. It states in pertinent part:

    (A) No officer or employee in the classified service of the \*\*\*counties\*\*\*shall directly or indirectly, orally or by letter, solicit or receive, or be in any manner concerned in soliciting or receiving, any assessment, subscription, or contribution for any political party or for any candidate for public office; nor shall any person solicit directly or indirectly, orally or by letter, or be in any manner concerned in soliciting, any such assessment, contribution , or payment from any officer or employee in the classified service of the \*\*\*several counties\*\*\*; nor shall any officer or employee in the classified service of the\*\*\*counties\*\*\*be an officer in any political organization or take part in politics other than to vote as the officer or employee pleases and to express freely political opinions. . .

The Defendant's contention is that the application of this statute under the unique facts and circumstances of this case would amount to a violation of the Defendant's rights guaranteed by both the US Constitution in

2

amendments I and XIV and the Ohio Constitution in Article I sections 2, 11, 16 and 20. Defendant does not contend, nor can this Court find herein that the above Statute is Unconstitutional on its face. However the Defendant does challenge this Statute as it is applied to him and these facts and circumstances which is disputed by the State of Ohio.

More specifically, the Defendant(and any uncharged principal) enjoys a Constitutionally protected right to freedom of speech and of free association. ORC 124.57 speaks specifically to covered State actors of their right "to express freely political opinions". In order for the State of Ohio to restrict/infringe on these individual freedoms, they must show a Compelling State Interest to do so. The State's Interest does not rise to that level herein. Therefore, this prosecution must fail as a matter of law.

Part of the Defendant's challenge to the ORC section above is that by its very terms, it is applicable to employees "in the classified service", of which clearly this Defendant is not.

Another issue is whether this Defendant may be properly charged with complicity when no principal actor has been charged with the underlying offense. The Court finds that the prosecution doesn't fail on these grounds.

However, the gravamen of this point is whether a criminal prosecution involving Complicity may be maintained where the underlying crime(charged or not) does not exist? The Court finds the answer to be no. However, is there an actual underlying crime alleged here? In order to sustain this prosecution, the State of Ohio must show that the Defendant assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime and must have shared the criminal intent of the principal. The State can not sustain their burden in this prosecution because this Defendant is in the UNCLASSIFIED service not the CLASSIFIED service as required by ORC 124.57. Because he can not be prosecuted under these

3

circumstances under ORC 124.57, this prosecution must fail as a matter of law.

Based on the foregoing, the Court does hereby order as follows:

1. **The Defendant's November 14, 2020 Motion to Dismiss is GRANTED;**

2. **The August 14, 2020 Complaint is DISMISSED;**

3. **The Defendant is DISCHARGED;**

4. **The Final JURY TRIAL beginning March 10, 2021 is CANCELLED;**

5. **The Defendant's November 24, 2020 Motion in Limine is MOOT;**

6. **Costs applied to the State.**

**SO ORDERED:**

Dated: 3-8-21

DAVID E. STUCKI, JUDGE
By Supreme Court Assignment #20JA1137

cc: Assistant Ohio Attorney General Daniel M. Kasaris
John B. Juhasz and Ronald D. Yarwood for the defendant
Judge Stucki

4