OPINION *Page 2 
{¶ 1} Appellant Adrian R. appeals the January 14, 2008, Judgment Entry of the Licking County Court of Common Pleas, Juvenile Division, which adjudicated him a Tier III sexual offender subject to statutory registration requirements. The State of Ohio is the Plaintiff-Appellee.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On December 22, 2005, Appellant, a juvenile, was charged with two counts of rape, in violation of R.C. 2907.02(A)(1)(b), both felonies of the first degree if committed by an adult. In Counts 1 and 2 of the complaint, he was charged with engaging in sexual conduct with K.R., who was eight years old at the time of the offenses in 2004. On February 6, 2006, Appellant admitted to both counts of the complaint. The court continued disposition and ordered a PSI and sex offender assessment. Following the dispositional hearing on April 6, 2006, the court committed Appellant to the Department of Youth Services for a minimum of two years and a maximum not to exceed Appellant's twenty-first birthday.
 {¶ 3} On January 14, 2008, Appellant again appeared in court, prior to being released from the custody of the Department of Youth Services, for a sex offender classification hearing. At that hearing, the court determined that, based on Senate Bill 10, which went into effect on July 1, 2007, Appellant was a Tier III sex offender who was not subject to community notification provisions.
 {¶ 4} Senate Bill 10 was passed as a result of the federal Adam Walsh Act, and it reorganized Ohio's sex offender classification and registration scheme. Instead of having three levels of offenders classified as "sexually oriented offenders," "habitual sex *Page 3 
offenders," and "sexual predators," the new law assigns offenders to a classification based on a tier system that relies on the offense of conviction and/or the number of convictions. See R.C. 2950.01 (E, F. and G).
 {¶ 5} Effective January 1, 2008, Tier I offenders were required to register for fifteen years and must verify their residence with the sheriff on an annual basis. R.C. 2950.05(B)(3); R.C. 2950.06(B)(1). Tier II offenders must register for twenty-five years and periodically verify every 180 days. R.C. 2950.05(B)(2); R.C. 2950.06(B)(2). Tier III offenders must register for the rest of their life and periodically verify every 90 days. R.C. 2950.05(B)(1); R.C. 2950.06(B)(3). Adult Tier III offenders are also subject to automatic community notification, under which the sheriff is required to notify the offender's neighbors and certain other persons in the community of, the offender's residence, offense, and Tier III status.
 {¶ 6} Revised Code 2152.83(B)(1) subjects juvenile sex offenders to registration requirements if a child is adjudicated a delinquent child for committing a sexually oriented offense or a child-victim oriented offense on or after January 1, 2002, and if the child offender is fourteen or fifteen years of at the time of the offense. After conducting a hearing, the court may determine that the offender is a Tier I, II, or III offender and has the discretion to impose community notification provisions on the offender if the offender meets certain requirements. Rape is classified as a Tier III offense pursuant to R.C. 2950.01. The trial court memorialized its ruling classifying Appellant as a Tier III sex offender in a Judgment Entry filed on January 15, 2008.
 {¶ 7} It is from this judgment entry Appellant appeals, raising the following six assignments of error: *Page 4 
 {¶ 8} "I. THE TRIAL COURT ERRED WHEN IT CLASSIFIED ADRIAN R. AS A SEX OFFENDER REGISTRANT, WHEN THE RECORD ILLUSTRATES THAT NEITHER THE COURT NOR THE PARTIES WERE CLEAR ON THE SPECIFICS OF THE LAW GOVERNING THE CLASSIFICATION OF JUVENILES UNDER SENATE BILL 10."
 {¶ 9} "II. ADRIAN R. WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN THE TRIAL COUNSEL FAILED TO EDUCATE HIMSELF ABOUT RELEVENT JUVENILE OFFENDER CLASSIFICATION PROCEDURES AND FAILED TO PRESENT TO THE COURT WITH AN ACCURATE STATEMENT OF LAW REGARDING HIS CLIENT'S DUTY TO REGISTER UNDER R.C. 2152.83, WHICH LEAD TO THE COURT TO CLASSIFY ADRIAN AS A TIER III JUVENILE OFFENDER REGISTRANT, UNDER THE MISTAKEN BELIEF THAT ADRIAN WAS A MANDATORY REGISTRANT AND THAT THE ONLY ISSUE WITHIN THE COURT'S DISCRETION WAS WHETHER ADRIAN WAS SUBJECT TO COMMUNITY NOTIFICATION."
 {¶ 10} "III. THE TRIAL COURT ERRED WHEN IT APPLIED SENATE BILL 10 TO ADRIAN R., AS THE APPLICATION OF SENATE BILL TO ADRIAN VIOLATES HIS RIGHTS TO DUE PROCESS AS GUARANTTED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION." [SIC]
 {¶ 11} "IV. THE TRIAL COURT ERRED WHEN IT APPLIED SENATE BILL 10 TO ADRIAN R., AS THE RETROACTIVE APPLICATION OF SENATE BILL 10 TO ADRIAN R., VIOLATES THE EX POST FACTO CLAUSE OF THE UNITED STATES *Page 5 
CONSTITUTION AND THE RETROACTIVITY CLAUSE OF OHIO CONSTITUTION." [SIC]
 {¶ 12} "V. THE TRIAL COURT ERRED WHEN IT APPLIED SENATE BILL 10 TO ADRIAN R., AS THE APPLICATION OF SENATE BILL 10 TO ADRIAN VIOLATES THE SEPARATION OF POWERS DOCTRINE THAT IS INHERENT IN OHIO CONSTITUTION."
 {¶ 13} "VI. THE TRIAL COURT ERRED WHEN IT APPLIED SENATE BILL 10 TO ADRIAN R., AS THE APPLICATION OF SENATE BILL 10 TO ADRIAN VIOLATES THE UNITED STATES CONSITUTION'S PROHBITION AGAINST CRUEL AND UNUSAL PUNISHMENTS. EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION." [SIC]
 I {¶ 14} In Appellant's first assignment of error, he contends that the trial court erred in classifying him as a juvenile sex offender because the parties and judge believed that Appellant was subject to mandatory classification. We find the record does not support this contention.
 {¶ 15} When reviewing claims of whether a trial court erred in classifying a sex offender, Appellant suggests that we should apply a de novo standard of review. However, in his issue presented, he asks whether the trial court abused its discretion when it informed Appellant that he was a Tier III registrant. Appellee argues that the proper standard of review is an abuse of discretion standard. We agree with Appellee. *Page 6 
 {¶ 16} A de novo standard of review is applied when an appellate court reviews the interpretation and application of a statute. State v.Sufronko (1995), 105 Ohio App.3d 504, 506, 664 N.E.2d 596, 597. No such review is warranted in this case.
 {¶ 17} An abuse of discretion standard, on the other hand, is applied when an appellate court must give deference to a trial court's application of guidelines to facts. See Buford v. U.S. (2001),532 U.S. 59, 121 S. Ct. 1276. Under R.C. 2152.83, a trial court is given discretion to determine whether to classify a juvenile offender as a Tier I, II, or III sex offender. Moreover, the trial court is given discretion to determine whether a juvenile sex offender should be subject to community notification requirements. The trial court is able to listen to the defendant's statement, should he choose to make one, listen to victim impact statements, listen to the evaluation of the Department of Youth Services and Parole representatives, and review other factual matters in making its determinations as to registration and classification. Because the trial court is in a position to weigh and evaluate these considerations, deference should be given to the trial court's decision and that decision should not be overturned absent an abuse of discretion.
 {¶ 18} It cannot be said that the factual determinations made by the trial court in the present case did not guide the trial court's determination in this case. The victim in this case was eight years old at the time of the offenses and that fact alone supports the judge's finding that Appellant is a Tier III offender. Moreover, the court was aware that his determination was discretionary. While initially there appeared to be some confusion over the mandatory or discretionary nature of the classification, both parties clarified that the classification was in fact discretionary and the court recognized that *Page 7 
understanding. Additionally, the court, in addressing the concerns regarding community notification, was well aware of the standards related to that issue and did not subject Appellant to community notification. The court spent an extensive amount of time discussing with Appellant the requirements placed upon him by classification and advised Appellant of the consequences of failing to meet those requirements. Accordingly, we cannot say that the trial court was unaware of the nature of the proceedings and abused its discretion. Therefore, Appellant's first assignment of error is overruled.
 II {¶ 19} In Appellant's second assignment of error, he argues that trial counsel was ineffective for failing to educate himself about relevant juvenile offender classification procedures and failed to present the court with an accurate statement of the law as it related to Appellant's duty to register under R.C. 2152.83. We disagree.
 {¶ 20} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that his trial counsel acted incompetently. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052. In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Id. at 689, quoting Michel v. Louisiana (1955), 350 U.S. 91, 101, 76 S.Ct. 158,164.
 {¶ 21} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in *Page 8 
the same way." Strickland, 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." Id. at 690.
 {¶ 22} Even if a defendant shows that his counsel was incompetent, the defendant must then satisfy the second prong of the Strickland test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."Strickland, 466 U.S. at 694.
 {¶ 23} When counsel's alleged ineffectiveness involves the failure to pursue a motion or legal defense, this actual prejudice prong ofStrickland breaks down into two components. First, the defendant must show that the motion or defense "is meritorious," and, second, the defendant must show that there is a reasonable probability that the outcome would have been different if the motion had been granted or the defense pursued. See Kimmelman v. Morrison (1986), 477 U.S. 365, 375,106 S.Ct. 2574, 2583; see, also, State v. Santana (2001),90 Ohio St.3d 513, 739 N.E.2d 798 citing State v. Lott (1990), 51 Ohio St.3d 160,555 N.E.2d 293.
 {¶ 24} Appellant argues that counsel was ineffective because counsel did not know about the offender classification procedures and failed to present the court with an accurate statement of the law regarding Appellant's duty to register. While trial counsel initially stated that he believed the registration provision to be mandatory, he did clarify during the hearing that the classification was discretionary. Counsel went on to advocate zealously for his client, informing the court of Appellant's accomplishments while in the custody of the Department of Youth Services, including graduating from high school with a 4.0 grade point average, being a mentor to other youths in DYS, and *Page 9 
completing sex offender programming and demonstrating remorse for his actions. Moreover, even if we concluded that counsel's representation was outside the wide range of professionally competent assistance, which we do not, given the fact that the trial court was aware of the discretionary nature of the proceedings, Appellant suffered no prejudice. Appellant's second assignment of error is therefore overruled.
 III, IV, V, VI {¶ 25} In Appellant's third through sixth assignments of error, he challenges the constitutionality of Senate Bill 10, claiming that Senate Bill 10 violates the Due Process clause, the Ex Post Facto clause, and violates the Eighth Amendment of the United States Constitution, as well as the Separation of Powers doctrine. Appellant did not raise these issues in the trial court, and raises them for the first time on appeal.
 {¶ 26} "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." State v. Awan (1986),22 Ohio St.3d 120, syllabus, 489 N.E.2d 277. The waiver doctrine announced inAwan is discretionary. In re M .D. (1988), 38 Ohio St.3d 149, 151,527 N.E.2d 286, 288. See also State v. Longpre, Ross Co. App. No. 08CA3017,2008-Ohio-3832 (applying waiver doctrine to Senate Bill 10).
 {¶ 27} Because Appellant failed to raise these issues in the trial court, he has waived his right to raise them on appeal. We will, however, address his claims under a plain error standard of review. A reviewing court may review claims of defects affecting *Page 10 
substantial rights even if they were not brought to the attention of the court. Ohio Crim. R. 52(B).
 {¶ 28} Generally, an enactment of the General Assembly is presumed to be constitutional absent proof beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.State v. Cook (1998), 83 Ohio St.3d 404, 409, 700 N.E.2d 570,1998-Ohio-291 quoting State ex rel. Dickman v. Defenbacher (1955), 164 Ohio St.2d 142, paragraph one of the syllabus. "A regularly enacted statute of Ohio is presumed to be constitutional and is therefore entitled to the benefit of every presumption in favor of its constitutionality." Id. at 147.
 {¶ 29} The Supreme Court of the United States has already stated, "[t]he State's determination to legislate with respect to convicted sex offenders as a class, rather than require individual determination of their dangerousness, does not make the statute a punishment [.]"Smith v. Doe (2003), 538 U.S. 84, 104, 123 S.Ct. 1140, 1153. InSmith v. Doe, Alaska's system of lifetime, quarterly registration and its internet registry were upheld as valid non-punitive measures to protect the public. Community notification also constitutes a valid non-punitive measure, as found by the Ohio Supreme Court. Cook, supra;State v. Williams (2000), 88 Ohio St.3d 513, 728 N.E.2d 342,2000-Ohio-428. In State v. Williams, the Court further held that R.C. 2950 did not violate double jeopardy or equal protection provisions of the United States Constitution.
 {¶ 30} Moreover, in State v. Cook (1998), 83 Ohio St.3d 404, supra, the Ohio Supreme Court found the former version of R.C. 2950
constitutional. Senate Bill 10 amended R.C. 2950 so that classification is no longer based on an individualized *Page 11 
analysis. Instead, classification is now based on the type of crime committed. In addition, Senate Bill 10 increased the reporting requirements.
 {¶ 31} In Cook, the Ohio Supreme Court determined that the old system effective in 1997 was "retroactive" because it looked to the prior conviction as a starting point for regulation. Cook,83 Ohio St.3d at 410. Even so, the Court upheld the old system because it had a valid remedial and non-punitive purpose. The Cook court determined that Ohio's sex offender statutes did not violate the Ex Post Facto clause of the United States Constitution, finding:
 R.C. Chapter 2950 serves the solely remedial purpose of protecting the public. Thus, there is no clear proof that R.C. Chapter 2950 is punitive in its effect. We do not deny that the notification requirements may be a detriment to registrants, but the sting of public censure does not convert a remedial statute into a punitive one. Kurth Ranch, 511 U.S. at 777, 114 S.Ct. at 1945, 128 L.Ed.2d at 777, fn. 14. Accordingly, we find that the registration and notification provisions of R.C. Chapter 2950 do not violate the Ex Post Facto Clause because its provisions serve the remedial purpose of protecting the public.
Cook, 83 Ohio St.3d at 423.
 {¶ 32} Moreover, in Williams, the Court determined that Ohio's sex offender statutes did not violate the Double Jeopardy Clause, stating:
 The Double Jeopardy Clause states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." Fifth Amendment to the United States Constitution; see, also, Section 10, Article I, Ohio Constitution. Although the Double Jeopardy Clause was commonly understood to prevent a second prosecution for the same offense, the United States Supreme Court has applied the clause to prevent a state from punishing twice, or from attempting a second time to criminally punish for the same offense. See Kansas v. Hendricks, 521 U.S. at 369, 117 S.Ct. at 2085, 138 L.Ed.2d at 519; Witte v. United States (1995), 515 U.S. 389, 396, 115 S.Ct. 2199, 2204, 132 *Page 12 
 L.Ed.2d 351, 361. The threshold question in a double jeopardy analysis, therefore, is whether the government's conduct involves criminal punishment. Hudson v. United States (1997), 522 U.S. 93, 101, 118 S.Ct. 488, 494, 139 L.Ed.2d 450, 460.
 This court, in Cook, addressed whether R.C. Chapter 2950 is a "criminal" statute, and whether the registration and notification provisions involved "punishment." Because Cook held that R.C. Chapter 2950 is neither "criminal," nor a statute that inflicts punishment, R.C. Chapter 2950 does not violate the Double Jeopardy Clauses of the United States and Ohio Constitutions. We dispose of the defendants' argument here with the holding and rationale stated in Cook.
Williams, 88 Ohio St.3d at 527-528.
 {¶ 33} Furthermore, the court in Williams stated that "stigma" or "favorable reputation" are not liberty or property interests protected by due process. Williams, 88 Ohio St.3d at 527, citing Paul v.Davis (1976), 424 U.S. 693, 96 S.Ct. 1155. An allegation that defamation has caused or will cause anguish or stigma "does not in itself state a cause of action for violating a constitutional right." Id. at 527, quoting Cook, 83 Ohio St.3d at 413. No due process violation occurs where "the law required an offender to be registered based on the fact of the conviction alone." Doe I v. Dann et al., (June 9, 2008), N.D. Ohio No. 1:08-CV-00220-PAG, Document 146, 2008 WL 2390778. Moreover, "public disclosure of a state's sex offender registry without a hearing as to whether an offender is `currently dangerous' does not offend due process where the law required an offender to be registered based on the fact of his conviction alone." Doe I v. Dann et al., citingConnecticut Dept. of Public Safety v. Doe (2003), 538 U.S. 1,123 S.Ct. 1160. Therefore, we conclude that due process is not implicated by Senate Bill *Page 13 
 {¶ 34} As to whether Senate Bill 10 violates the Separation of Powers doctrine, we hold that it does not. As the Third District recently stated in In Re Smith, in striking down a similar challenge:
 [W]e note that the classification of sex offenders into categories has always been a legislative mandate, not an inherent power of the courts. Slagle v. State, 145 Ohio Misc.2d 98, 884 N.E.2d 109, 2008-Ohio-593. Without the legislature's creation of sex offender classifications, no such classification would be warranted. Therefore, with respect to this argument, we cannot find that sex offender classification is anything other than a creation of the legislature, and therefore, the power to classify is properly expanded or limited by the legislature.
In Re Smith, Allen App. No. 1-07-58, 2008-Ohio-3234, ¶ 39.
 {¶ 35} We also find that Senate Bill 10 does not amount to cruel and unusual punishment. In Cook, supra, the Supreme Court concluded that sexual offender notification and registration requirements are not punitive in nature; rather, they are remedial measures designed to protect the public. Therefore, such measures do not implicate the protections against cruel and unusual punishment. Cook, at 423. See also, State v. Keibler, Auglaize App. No. 2-99-51, 2000-Ohio-1666. *Page 14 
 {¶ 36} For the foregoing reasons, we overrule Appellant's third, fourth, fifth, and sixth assignments of error and affirm the January 14, 2008, Judgment Entry of the trial court finding Appellant to be a Tier III sex offender.
 By: Delaney, J. Wise, P.J. and Edwards, J. concur. *Page 15 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1