OPINION *Page 2 
{¶ 1} Appellant M.E., a delinquent child, appeals his classification in the Stark County Court of Common Pleas, Juvenile Division, as a Tier II sexual offender. The State of Ohio is Appellee.
 STATEMENT OF THE CASE {¶ 2} On March 25, 2008, the State filed a complaint in the Stark County Court of Common Pleas, Juvenile Division, alleging Appellant engaged in sexual contact with a person under the age of 13, being rape, a felony of the first degree. On May 15, 2008, the State moved to amend the complaint to allege Appellant engaged in gross sexual imposition, a felony of the third degree. The trial court granted the State's motion. Appellant entered an admission to the charge, and the trial court ordered a risk assessment of the Appellant.
 {¶ 3} Senate Bill 10 took effect on January 1, 2008. The offense in this matter occurred between July 1, 2007, and September 1, 2007.
 {¶ 4} A disposition hearing was held on June 26, 2008. The trial court committed Appellant to the Ohio Department of Youth Services for a minimum of six months. The trial court also classified Appellant a Tier II sexual offender with the requirement Appellant register for twenty years, but without the requirement of public notification.
 {¶ 5} Appellant now appeals, assigning as error:
 {¶ 6} "I. THE TRIAL COURT ERRED WHEN IT APPLIED SENATE BILL 10 TO YOUTH, AS THE APPLICATION OF SENATE BILL TO YOUTH VIOLATES HIS RIGHT TO DUE PROCESS AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO *Page 3 
THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
 {¶ 7} "II. THE TRIAL COURT ERRED WHEN IT APPLIED SENATE BILL 10 TO YOUTH, AS THE RETROACTIVE APPLICATION OF SENATE BILL 10 TO YOUTH VIOLATES THE EX POST FACTO CLAUSE OF HE UNITED STATES CONSTITUTION AND THE RETROACTIVITY CLAUSE OF THE CONSTITUTION.
 {¶ 8} "III. THE TRIAL COURT ERRED WHEN IT APPLIED SENATE B ILL 10 TO YOUTH, AS THE APPLICATION OF SENATE BILL 10 TO YOUTH VIOLATES THE SEPARATION OF POWERS DOCTRINE THAT IS INHERENT IN OHIO'S CONSTITUTION.
 {¶ 9} "IV. THE TRIAL COURT ERRED WHEN IT APPLIED SENATE BILL 10 TO YOUTH, AS THE APPLICATION OF SENATE BILL 10 TO YOUTH VIOLATES THE UNITED STATES CONSTITUTION'S PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENTS. EIGHT AMENDMENT TO THE UNITED STATES CONSTITUTION."
 I, II, III, IV {¶ 10} Appellant's assigned errors raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 11} Appellant argues the application of Senate Bill 10 in the case subjudice is unconstitutional.
 {¶ 12} Recently, this Court addressed the issues raised herein inIn re. Adrian R. (December 11, 2008), Licking App. No. 08CA17,2008 Ohio 6581. In the opinion, this Court overruled the Constitutional challenges raised based upon the holding and *Page 4 
rationale set forth in State v. Cook (1998), 83 Ohio St.3d 404, and the decisions of numerous Ohio Appellate courts. Similar to the case sub judice, the appellant in In re Adrian R, a delinquent child, was adjudicated by the Licking County Court of Common Pleas, and classified a Tier III sexual offender subject to statutory registration requirements.
 {¶ 13} Generally, an enactment of the General Assembly is presumed to be constitutional absent proof beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.State v. Cook (1998), 83 Ohio St.3d 404, 409, 700 N.E.2d 570,1998-Ohio-291 quoting State ex rel. Dickman v. Defenbacher (1955),164 Ohio St.2d 142, paragraph one of the syllabus. "A regularly enacted statute of Ohio is presumed to be constitutional and is therefore entitled to the benefit of every presumption in favor of its constitutionality." Id. at 147.
 {¶ 14} In In re Adrian R, supra, this Court recognized the Supreme Court of the United States' holding, "[t]he State's determination to legislate with respect to convicted sex offenders as a class, rather than require individual determination of their dangerousness, does not make the statute a punishment [.]" Smith v. Doe (2003), 538 U.S. 84,104, 123 S.Ct. 1140, 1153. In Smith v. Doe, Alaska's system of lifetime, quarterly registration and its internet registry were upheld as valid non-punitive measures to protect the public. Community notification also constitutes a valid non-punitive measure, as found by the Ohio Supreme Court. Cook, supra; State v. Williams (2000), 88 Ohio St.3d 513,728 N.E.2d 342, 2000-Ohio-428. In State v. Williams, the Court further held that R.C. 2950 did not violate double jeopardy or equal protection provisions of the United States Constitution." *Page 5 
 {¶ 15} In In re Adrian R., this Court also looked to the Ohio Supreme Court's decision in State v. Cook (1998), 83 Ohio St.3d 404, wherein the Supreme Court found the former version of R.C. 2950 constitutional. Senate Bill 10 amended R.C. 2950 so that classification is no longer based on an individualized analysis. Instead, classification is now based on the type of crime committed. In addition, Senate Bill 10 increased the reporting requirements.
 {¶ 16} In Cook, the Ohio Supreme Court determined the old system effective in 1997, was "retroactive" because it looked to the prior conviction as a starting point for regulation. Cook, Id. at 410. Even so, the Court upheld the old system because it had a valid remedial and non-punitive purpose. The Cook court determined Ohio's sex offender statutes did not violate the Ex Post Facto clause of the United States Constitution, finding:
 {¶ 17} "R.C. Chapter 2950 serves the solely remedial purpose of protecting the public. Thus, there is no clear proof that R.C. Chapter 2950 is punitive in its effect. We do not deny that the notification requirements may be a detriment to registrants, but the sting of public censure does not convert a remedial statute into a punitive one.Kurth Ranch, 511 U.S. at 777, 114 S.Ct. at 1945, 128 L.Ed.2d at 777, fn. 14. Accordingly, we find that the registration and notification provisions of R.C. Chapter 2950 do not violate the Ex Post Facto Clause because its provisions serve the remedial purpose of protecting the public."
 {¶ 18} In State v. Williams (2000), 88 Ohio St.3d 513, the Ohio Supreme Court determined Ohio's sex offender statutes did not violate the Double Jeopardy Clause, stating: *Page 6 
 {¶ 19} "The Double Jeopardy Clause states that no person shall `be subject for the same offence to be twice put in jeopardy of life or limb.' Fifth Amendment to the United States Constitution; see, also, Section 10, Article I, Ohio Constitution. Although the Double Jeopardy Clause was commonly understood to prevent a second prosecution for the same offense, the United States Supreme Court has applied the clause to prevent a state from punishing twice, or from attempting a second time to criminally punish for the same offense. See Kansas v. Hendricks,521 U.S. at 369, 117 S.Ct. at 2085, 138 L.Ed.2d at 519; Witte v.United States (1995), 515 U.S. 389, 396, 115 S.Ct. 2199, 2204, 132 L.Ed.2d 351,361. The threshold question in a double jeopardy analysis, therefore, is whether the government's conduct involves criminal punishment.Hudson v. United States (1997), 522 U.S. 93, 101, 118 S.Ct. 488, 494,139 L.Ed.2d 450, 460.
 {¶ 20} "This court, in Cook, addressed whether R.C. Chapter 2950 is a `criminal' statute, and whether the registration and notification provisions involved `punishment.' Because Cook held that R.C. Chapter 2950 is neither `criminal,' nor a statute that inflicts punishment, R.C. Chapter 2950 does not violate the Double Jeopardy Clauses of the United States and Ohio Constitutions. We dispose of the defendants' argument here with the holding and rationale stated in Cook."
 {¶ 21} Furthermore, the Court in Williams stated "stigma" or "favorable reputation" are not liberty or property interests protected by due process. Williams, 88 Ohio St.3d at 527, citing Paul v.Davis (1976), 424 U.S. 693, 96 S.Ct. 1155. An allegation defamation has caused or will cause anguish or stigma "does not in itself state a cause of action for violating a constitutional right. Id. at 527, quotingCook, *Page 7 83 Ohio St.3d at 413. Moreover, "public disclosure of a state's sex offender registry without a hearing as to whether an offender is `currently dangerous' does not offend due process where the law required an offender to be registered based on the fact of his conviction alone."Connecticut Dept. of Public Safety v. Doe (2003), 538 U.S. 1,123 S.Ct. 1160. Therefore, we conclude that due process is not implicated by Senate Bill 10.
 {¶ 22} Appellant further contends Senate Bill 10 violates the Separation of Powers doctrine. Again, this Court addressed the argument raised herein In re Adrian R., supra, citing the Third District Court of Appeals' decision in In Re Smith, Allen App. No. 1-07-58,2008-Ohio-3234:
 {¶ 23} "[W]e note that the classification of sex offenders into categories has always been a legislative mandate, not an inherent power of the courts. Slagle v. State, 145 Ohio Misc.2d 98, 884 N.E.2d 109,2008-Ohio-593. Without the legislature's creation of sex offender classifications, no such classification would be warranted. Therefore, with respect to this argument, we cannot find that sex offender classification is anything other than a creation of the legislature, and therefore, the power to classify is properly expanded or limited by the legislature."
 {¶ 24} Finally, Appellant argues Senate Bill 10 amounts to cruel and unusual punishment. Based upon our holding in In re Adrian R., supra, we find it does not. In Cook, supra, the Supreme Court concluded that sexual offender notification and registration requirements are not punitive in nature; rather, they are remedial measures designed to protect the public. Therefore, such measures do not implicate the protections against cruel and unusual punishment. Cook, at 423. See also, State v. Keibler, Auglaize App. No. 2-99-51, 2000-Ohio-1666. *Page 8 
 {¶ 25} Based on this Court's analysis and disposition in In re AdrianR., supra, and the Ohio Supreme Court decision in Cook, supra, we overrule Appellant's assigned errors, and affirm the decision of the Stark County Court of Common Pleas, Juvenile Division.
By: Hoffman, P.J. Delaney, J. concurs, Wise, J. concurs separately *Page 9