[Cite as *In re R.G.*, 2011-Ohio-275.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
|  | JUDGES:<br>Hon. Julie A. Edwards, P. J.<br>Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| IN RE: |  |
| R.G. | Case No. 2010 CA 00190 |
| MINOR CHILD | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2009 JCR 01442 |
| JUDGMENT: | Vacated and Remanded |
| DATE OF JUDGMENT ENTRY: | January 24, 2011 |

APPEARANCES:

| For Appellee | For Appellant |
|---|---|
| JOHN D. FERRERO<br>PROSECUTING ATTORNEY<br>RENEE M. WATSON<br>ASSISTANT PROSECUTOR<br>110 Central Plaza South, Suite 510<br>Canton, Ohio 44702-0049 | BROOKE M. BURNS<br>ASSISTANT PUBLIC DEFENDER<br>250 East Broad Street<br>Suite 1400<br>Columbus, Ohio 43215 |

*Wise, J.*

{¶1} Appellant R.G. appeals the June 29, 2009, Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, which adjudicated him a Tier III sexual offender subject to statutory registration requirements.

{¶2} Appellee is the State of Ohio.

## STATEMENT OF THE CASE AND FACTS

{¶3} On May 20, 2009, the Stark County Prosecutor's Office filed a complaint alleging that R.G., then fifteen years old, was a delinquent child for one count of rape, in violation of R.C. §2907.02(A)(2), a felony of the first degree if committed by an adult.

{¶4} On August 12, 2009, the juvenile court found R.G. delinquent as charged, and he was adjudicated delinquent.

{¶5} On August 13, 2009, R.G. was committed to the Ohio Department of Youth Services (DYS) for a minimum period of one (1) year, or until age 21.

{¶6} A release date of June 30, 2010, was approved for Appellant.

{¶7} On June 21, 2010, and June 29, 2010, the trial court held a hearing to address Appellant's registration requirements. At the conclusion of said hearing, the trial court ordered that R.G. be classified as a "Tier III" juvenile sex offender.

{¶8} It is from this classification Appellant appeals, raising the following assignments of error:

## ASSIGNMENTS OF ERROR

{¶9} "I. THE JUVENILE COURT ERRED WHEN IT CLASSIFIED [R.G.] AS A TIER III JUVENILE OFFENDER REGISTRANT BECAUSE THE APPLICATION OF R.C. 2152.83 TO HIM VIOLATES HIS RIGHT TO EQUAL PROTECTION UNDER THE

LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION; ARTICLE I, SECTION 2 OF THE OHIO.

{¶10} "II. THE JUVENILE COURT ABUSED ITS DISCRETION WHEN IT CLASSIFIED [R.G.] AS A TIER III JUVENILE SEXUAL OFFENDER REGISTRANT WHEN THAT FINDING WAS NOT SUPPORTED BY THE EVIDENCE PRESENTED AT [R.G.]'S CLASSIFICATION HEARING, AND WHEN THE COURT DID NOT UNDERSTAND THAT IT HAD DISCRETION TO DETERMINE [R.G.]'S TIER LEVEL.

{¶11} "III. [R.G.] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, WHEN COUNSEL FAILED TO ARGUE AGAINST A MANDATORY TIER III CLASSIFICATION AND WHEN COUNSEL FAILED TO OBJECT TO THE CONSTITUTIONALITY OF SENATE BILL 10 AS APPLIED TO [R.G.]."

**I.**

{¶12} In his first assignment of error, Appellant argues R.C. §2152.83 violates his right to equal protection under the law.

{¶13} Initially, we note that Appellant failed to raise a challenge to the constitutionality of R.C. §2152.83 before the trial court.

{¶14} It is well established that a party cannot raise any new issues or legal theories for the first time on appeal." *Dolan v. Dolan,* 11th Dist. Nos. 2000-T-0154 and 2001-T-0003, 2002-Ohio-2440*,* at ¶ 7, citing *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43, 322 N.E.2d 629. "Litigants must not be permitted to hold their

arguments in reserve for appeal, thus evading the trial court process." *Nozik v. Kanaga* (Dec. 1, 2000), 11th Dist. No. 99-L-193, 2000 Ohio App. LEXIS 5615.

{¶15} This Court has previously addressed and rejected similar claims in *In re: Adrian R.* (December 11, 2008), Licking App. No. 08CA17, 2008 Ohio 6581. In that opinion, this Court rejected the Constitutional challenges raised based upon the holding and rationale set forth in *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, wherein the Supreme Court of Ohio characterized the prior sex offender registration statutes as civil and remedial rather than criminal. *See also State v. Williams* (2000), 88 Ohio St.3d 513, 528, 728 N.E.2d 342.

{¶16} Unless and until the Supreme Court of Ohio reverses or modifies this decisional construct, we are constrained by the weight of precedent.

{¶17} Based on our previous holdings, Appellant's first assignment of error is overruled.

II.

{¶18} In his second assignment of error, Appellant argues that the trial court erred in classifying him as a Tier III juvenile sexual offender. Specifically, Appellant argues that the trial court failed to consider the appropriate factors in making its determination and further failed to recognize that it had discretion in determining which tier level to assign to Appellant. We agree.

{¶19} This Court has previously reviewed and interpreted R.C. §2142.83 as vesting the juvenile court with discretion in classifying the juvenile offenders. *In the matter of R.D.,* Licking App.No. 09 CA 97, 2010-Ohio-2986. This interpretation is likewise shared by several other appellate districts. Id.

{¶20} In the instant case, R.G. was fifteen (15) years old at the time the offense was committed. The trial court determined that Appellant was a juvenile offender registrant and then went on to find that, because he had been adjudicated delinquent for rape, it was required to classify him as a Tier III offender.

{¶21} Upon review of the record, it appears that while the trial court understood that it had discretion as to juvenile offender registrant classification, the trial court believed that it had no discretion as to the tier classification, that such classification was offense-based. We therefore find a remand is necessary for the trial court to exercise its discretion in this matter.

{¶22} However, if after a proper classification hearing and consideration of the factors contained in R.C. §2152.83(D)(1)-(6), the trial court believes that such classification is warranted based on the evidence in this case, it may re-impose such classification on remand. The important point, however, is that the trial court does possess the discretion to make this determination.[1]

{¶23} Accordingly, we sustain Appellant's second assignment of error.

### III.

{¶24} In Appellant's Third Assignment of Error, he contends that he was denied effective assistance of counsel. Specifically, he argues that trial counsel was ineffective for failing to challenge the constitutionality of Senate Bill 10 and for failing to object to the trial court's Tier III classification. We disagree.

---

[1] We emphasize that this opinion should not be construed to take any position on the issue of whether R.G. should have been classified as a Tier III sex offender. Rather, we simply conclude that the trial court erred only to the extent that it believed it did not have discretion to decide the matter.

**{¶25}** A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to Appellant. The second prong is whether Appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell* (1993), 506 U.S. 364, 113 S.Ct. 838; *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

**{¶26}** In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. *Bradley,* 42 Ohio St.3d at 142, 538 N.E.2d 373. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.

**{¶27}** The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley* at 143, 538 N.E.2d 373, quoting *Strickland* at 697.

**{¶28}** "When counsel's alleged ineffectiveness involves the failure to pursue a motion or legal defense, this actual prejudice prong of *Strickland* breaks down into two components. First, the defendant must show that the motion or defense 'is meritorious,' and, second, the defendant must show that there is a reasonable probability that the outcome would have been different if the motion had been granted or the defense pursued." *In re Adrian R.,* 5th Dist. No. 08-CA-17, 2008-Ohio-6581, at ¶ 23, citing

*Kimmelman v. Morrison* (1986), 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (other citations omitted).

**{¶29}** Upon review, under the first prong of the *Strickland* test, we do not find counsel's performance at the classification hearing deficient.

**{¶30}** We do not find that counsel was ineffective for failing to raise a constitutional challenge to this statute as this Court has previously rejected such challenges. See *In re Adrian R.*, Licking App. No. 08 CA 17, 2008-Ohio-6581; *In the Matter of R.D.*, Licking App. No. 09CA97, 2010-Ohio-2986.

**{¶31}** Nor do we find that counsel was ineffective for failing to familiarize himself with the Tier classification law. Although other districts in Ohio had interpreted the statute to allow the trial court to have discretion in determining the Tier level to assign to a juvenile, this Court did not join such decisions until *In the Matter of R.D.*, Licking App. No. 09CA97, 2010-Ohio-2986, which was decided on June 28, 2010. As R.G.'s hearing was held on June 29, 2010, the benefit of such decision was most likely not available to him.

**{¶32}** Furthermore, counsel for R.G. did argue against registration in this case.

**{¶33}** Accordingly, we overrule R.G.'s third assignment of error.

**{¶34}** Based on the foregoing, we hereby vacate R.G.'s classification and this case is remanded to the Court of Common Pleas, Juvenile Division, Stark County, Ohio, for a reclassification hearing.

By: Wise, J.

Edwards, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 1229

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN RE:                                    :
                                          :
    R.G.                              :        JUDGMENT ENTRY
                                          :
    MINOR CHILD                       :        Case No.  2010 CA 00190



For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is vacated and remanded.

Costs assessed to Appellant.


_____

_____

_____

                JUDGES