[Cite as *In re B.T.*, 2011-Ohio-5299.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN RE: B.T.,

A MINOR CHILD

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. Patricia A. Delaney, J.

Case No. 11-CA-3


O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Morrow County Court of Common Pleas, Juvenile Division Case No. 2010 JD 00182 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 11, 2011 |
| APPEARANCES: | |


| | |
|---|---|
| For State of Ohio | For B.T. |
| CHARLES HOWLAND | AMANDA J. POWELL |
| Morrow County Prosecuting Attorney | Office of the Ohio Public Defender |
| 60 East High Street | 250 East Broad Street, Suite 1400 |
| Mount Gilead, Ohio 43338 | Columbus, Ohio 43215 |

*Hoffman, J.*

(¶1)    B.T., a juvenile, appeals his disposition entered by the Morrow County Court of Common Pleas, Juvenile Division.  Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE CASE

(¶2)    On August 5, 2010, Appellant entered an admission to one count of rape, in violation of R.C. 2907.02(A)(1)(b).  On September 12, 1010, the trial court conducted a dispositional hearing, during which the court adjudicated Appellant a Tier III juvenile offender registrant.  The trial court further ordered Appellant subject to community notification requirements.

(¶3)    On November 5, 2010, the trial court, nunc pro tunc, ordered the local school district be responsible for Appellant's education while incarcerated.

(¶4)    On November 17, 2010, the trial court again corrected its entry to indicate Appellant is not a public registry qualified juvenile offender registrant, but a Tier III juvenile offender registrant, subject to community notification.

(¶5)    Appellant now appeals, assigning as error:

(¶6)    "I. THE MORROW COUNTY JUVENILE COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT B.T.'S CLASSIFICATION AS A TIER III JUVENILE SEX OFFENDER REGISTRANT WAS MANDATORY IN VIOLATION OF R.C. 2950.01(E)-(G).

(¶7)    "II. THE TRIAL COURT ERRED WHEN IT ORDERED B.T. TO BE SUBJECT TO COMMUNITY NOTIFICATION.  R.C. 2152.82(B)(4); R.C. 2950.11 (F)(2).

(¶8)   "III. THE MORROW COUNTY JUVENILE COURT ERRED WHEN IT IMPROPERLY NOTIFIED B.T. THAT, AS A JUVENILE SEX OFFENDER REGISTRANT, HE WAS PROHIBITED FROM LIVING WITHIN ONE THOUSAND FEET FROM A SCHOOL, IN VIOLATION OF R.C. 2950.034(A).

(¶9)   "IV. B.T. WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, WHEN DEFENSE COUNSEL FAILED TO FAMILIARIZE HIMSELF WITH OHIO'S JUVENILE OFFENDER CLASSIFICATION PROCEDURES."

I.

(¶10)   In the first assignment of error, Appellant argues the trial court abused its discretion in finding his classification as a Tier III juvenile sex offender registrant mandatory.  We disagree.

(¶11)   At the September 12, 2010 dispositional hearing, the trial court stated,

(¶12)   "THE COURT:  Well, before that, let me backup just a bit and because of the nature of this offense, it involves a classification as a sex offender and I don't think there is any question it is tier 3 and depending upon what the Court does with respect to disposition, there could be a review of that, as I understand it, out into the future multiple times conceivably.  I just want to make sure that there is no misunderstanding on the record as to that because I'm supposed to make this determination either prior to or simultaneous, simultaneously with the disposition here today.  So as far as the State is concerned, this is your understanding, a tier 3?

(¶13)   "MR. PHILLIPS:  Yes, your Honor.

(¶14) "***

(¶15) "THE COURT: Then obviously the juvenile, now an adult but still subject to Juvenile Court jurisdiction, '[B.T.] is found to be a tier 3 sex offender.' And I guess they have it as a slash, as I understand it, it is a child victim offender registrant as well.

(¶16) "Now, before I go any further let me explain some things when it comes to that. As a tier 3 sex offender registrant, I have to determine whether you are subject to or not subject to community notification. Given the circumstances my usual normal approach is to, unless there is some good reason not to, to have the---make it subject to community notification, despite what I do with respect to disposition and then modify that if it appears to be either necessary, reasonable, earned, whatever, the case may be.***"

(¶17) Tr. at 10-12.

(¶18) While the trial court did not have discretion as to whether to designate Appellant a juvenile offender registrant pursuant to R.C. 2152.82(A) due to his prior sex offense conviction, the Tier III classification was not mandatory and the trial court was required to exercise its discretion in the determination. *In re J.O.* 2010-Ohio-4296. Senate Bill 10 gives juvenile courts discretion to determine which tier level to assign a juvenile sex offender, regardless of the sexually oriented offense the child committed. Id. The court must consider multiple factors, including the likelihood of recidivism. *In re Adrian R.* 2008-Ohio-6581.

(¶19) Upon review of the record herein, we find the trial court properly exercised its discretion in determining Appellant to be a Tier III sex offender. The trial court properly understood and set forth its "task to determine the appropriate classification"

for Appellant. In light of Appellant's prior sex offense and the factual circumstances in this case, the trial court did not abuse its discretion in classifying Appellant a Tier III juvenile offender registrant. Specifically, we find the trial court's statement concerning "the nature of this offense" related to the underlying facts of the case as opposed to a mandatory classification based upon the type of offense committed.

(¶20) The first assignment of error is overruled.

II.

(¶21) In the second assignment of error, Appellant argues the trial court erred in ordering he be subject to community notification. Specifically, Appellant maintains the trial court did not make any findings in support of a valid order of community notification.

(¶22) R.C. 2152.82 (B)(4) reads:

(¶23) "(B) An order required under division (A) of this section shall be issued at the time the judge makes the order of disposition for the delinquent child. Prior to issuing the order required by division (A) of this section, the judge shall conduct a hearing under section 2152.831 of the Revised Code to determine whether the child is a tier I sex offender/child-victim offender, a tier II sex offender/child-victim offender, or a tier III sex offender/child-victim offender. If the court determines that the delinquent child to whom the order applies is a tier III sex offender/child-victim offender and the child is not a public registry-qualified juvenile offender registrant, the judge may impose a requirement subjecting the child to the victim and community notification provisions of sections 2950.10 and 2950.11 of the Revised Code. When a judge issues an order under division (A) of this section, all of the following apply:

(¶24) "***

(¶25) "(4) If the court determines that the delinquent child to whom the order applies is a tier III sex offender/child-victim offender, if the child is not a public registry-qualified juvenile offender registrant, and if the judge imposes a requirement subjecting the child to the victim and community notification provisions of sections 2950.10 and 2950.11 of the Revised Code, the judge shall include the requirement in the order."

(¶26) R.C. 2950.11(F) reads:

(¶27) "(F)(1) Except as provided in division (F)(2) of this section, the duties to provide the notices described in divisions (A) and (C) of this section apply regarding any offender or delinquent child who is in any of the following categories:

(¶28) "(a) The offender is a tier III sex offender/child-victim offender, or the delinquent child is a public registry-qualified juvenile offender registrant, and a juvenile court has not removed pursuant to section 2950.15 of the Revised Code the delinquent child's duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code.

(¶29) "(b) The delinquent child is a tier III sex offender/child-victim offender who is not a public-registry qualified juvenile offender registrant, the delinquent child was subjected to this section prior to the effective date of this amendment as a sexual predator, habitual sex offender, child-victim predator, or habitual child-victim offender, as those terms were defined in section 2950.01 of the Revised Code as it existed prior to the effective date of this amendment, and a juvenile court has not removed pursuant to section 2152.84 or 2152.85 of the Revised Code the delinquent child's duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code.

(¶30) "(c) The delinquent child is a tier III sex offender/child-victim offender who is not a public registry-qualified juvenile offender registrant, the delinquent child was classified a juvenile offender registrant on or after the effective date of this amendment, the court has imposed a requirement under section 2152.82, 2152.83, or 2152.84 of the Revised Code subjecting the delinquent child to this section, and a juvenile court has not removed pursuant to section 2152.84 or 2152.85 of the Revised Code the delinquent child's duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code.

(¶31) "(2) The notification provisions of this section do not apply to a person described in division (F)(1)(a), (b), or (c) of this section *if a court finds at a hearing after considering the factors described in this division* that the person would not be subject to the notification provisions of this section that were in the version of this section that existed immediately prior to the effective date of this amendment. In making the determination of whether a person would have been subject to the notification provisions under prior law as described in this division, the *court shall consider the following factors:*

(¶32) "(a) The offender's or delinquent child's age;

(¶33) "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;

(¶34) "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;

(¶35) "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;

(¶36) "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

(¶37) "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;

(¶38) "(g) Any mental illness or mental disability of the offender or delinquent child;

(¶39) "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

(¶40) "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;

(¶41) "(j) Whether the offender or delinquent child would have been a habitual sex offender or a habitual child victim offender under the definitions of those terms set forth in section 2950.01 of the Revised Code as that section existed prior to the effective date of this amendment;

(¶42) "(k) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."

(¶43) (Emphasis added.)

(¶44) While the statute requires the trial court to consider the factors set forth above, the statute does not require the trial court to make specific findings of fact in order to justify community notification. The statutes vest discretion with the trial court in making the determination. Based upon the factual circumstances in this case, we find the trial court did not abuse its discretion in ordering Appellant subject to community notification.

(¶45) The second assignment of error is overruled.

### III.

(¶46) In the third assignment of error, Appellant asserts the trial court erred in notifying him he was prohibited from living within one thousand feet of a school, in violation of R.C. 2950.034(A).

(¶47) The trial court stated at the dispositional hearing,

(¶48) "THE COURT: The other thing I need to mention, they haven't changed the law on this yet to my knowledge and that is that should you move into an area where there are schools, you are not to move within one thousand feet of any school. If you are already living there I guess they did change the interpretation of the law that you can stay there, I'm not sure where your residence currently is, if it is within a thousand feet of a school."

(¶49) Tr. at 13-14.

(¶50) The trial court's instruction to Appellant he is not to move within one thousand feet of any school, regardless of whether it is or is not contrary to law, is advisory in nature and not part of Appellant's sentence. Unless and until Appellant is

charged with a violation of the statute, we find there is no actual case in controversy. Ohio courts have long recognized a court should not entertain jurisdiction over cases without actual controversies, *Tschantz v. Ferguson* (1991), 57 Ohio St.3d 131. Therefore, any opinion issued by this Court would be advisory in nature.

(¶51) The third assignment of error is overruled.

IV.

(¶52) In the fourth assignment of error, Appellant asserts he was denied the effective assistance of counsel when counsel failed to familiarize himself with Ohio's juvenile offender classification procedures.

(¶53) Our standard of review for an ineffective assistance claim is thus set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the proceeding is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any give case, a

strong presumption exists that counsel's conduct fell within the wide range of reasonable professional assistance. *Bradley* at 142, 538 N.E.2d 373.

(¶54) Upon our review of the entire record of this matter, we find Appellant cannot establish he was prejudiced by any of trial counsel's actions or inactions. The record does not demonstrate Appellant's counsel was unfamiliar with the law applicable herein, nor does the record demonstrate the outcome of the proceedings would have been otherwise but for counsel's alleged shortcomings regarding juvenile classification procedures.

(¶55) The fourth assignment of error is overruled.

(¶56) Appellant's dispositional order entered by the Morrow County Court of Common Pleas, Juvenile Division is affirmed.


By: Hoffman, J.

Gwin, P.J. and

Delaney, J. concur

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN RE: B.T.,                               :
                                        :

A MINOR CHILD                   :
                                        :

                                        :

                                        :

                                        :         JUDGMENT ENTRY

                                        :

                                        :         Case No. 11-CA-3

For the reasons stated in our accompanying Opinion, Appellant's dispositional order entered by the Morrow County Court of Common Pleas, Juvenile Division is affirmed. Costs to Appellant.


                                      s/ William B. Hoffman _____
                                        HON. WILLIAM B. HOFFMAN


                                      s/ W. Scott Gwin _____
                                        HON. W. SCOTT GWIN


                                      s/ Patricia A. Delaney _____
                                        HON. PATRICIA A. DELANEY