[Cite as *In re C.B.*, 2022-Ohio-1299.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE: C.B., A MINOR CHILD | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. 21-COA-021 |
| | : | |
| | : | |
| | : | OPINION |

CHARACTER OF PROCEEDING:  Appeal from the Ashland Court of Common Pleas, Juvenile Division, Case No. 20142293

JUDGMENT:  Affirmed

DATE OF JUDGMENT ENTRY:  April 19, 2022

APPEARANCES:

For Plaintiff-Appellee

CHRISTOPHER TUNNELL
Ashland Couny Prosecutor
BY: NADINE HAUPTMAN
Assistant Prosecutor
110 Cottage Street, 3rd Floor
Ashland, OH 44805

For Defendant-Appellant

KATHERINE SATO
Assistant Public Defender
250 East Broad Street, Ste. 1400
Columbus, OH 43215

*Gwin, P.J.*

{¶1} Appellant C.B. appeals from the September 8, 2021 Judgement Entry of the Ashland County Court of Common Pleas, Juvenile Division continuing C.B.'s classification as a Tier II sexual offender.

*Facts and Procedural History*

{¶2} C.B. was tried and adjudicated delinquent in 2015 at age 16 for two counts of rape and 2 counts of gross sexual imposition[1]. As a disposition, C.B. was committed to the Department of Youth Services ("DYS") for a minimum of 2 years and a maximum period not to exceed his 21st birthday. This Court remanded the matter to reconsider C.B.'s juvenile offender registrant classification ("JOR") because the trial court mistakenly believed that C.B.'s JOR classification was mandatory rather than discretionary. On remand, after conducting an evidentiary hearing, the trial court concluded that C.B. was eligible to be classified and found that it was appropriate to classify him a Tier II sex offender, one tier lower than his classification prior to the initial appeal. *In re C.B.*, Fifth District Ashland No. 2019-COA-009, 2019-Ohio-5023, ¶48. This Court affirmed the juvenile court's decision. Id.

{¶3} C.B. remained in the custody of DYS until his twenty-first birthday because he did not participate in sex offender treatment. T. July 1, 2021 at 11-12. C.B. was released from DYS on March 11, 2019, and discharged from parole. Subsequently, on February 10, 2021, C.B. filed a Motion to Review Classification pursuant to R.C. 2152.84.

{¶4} On July 1, 2021, the juvenile court held a reclassification hearing and permitted the parties to file written closing arguments within thirty days therefrom.

---

[1] The facts underlying C.B.'s conviction were fully set forth by this Court in C.B.'s initial appeal. *In re C.B.,* 5th Dist. Ashland No. 15-COA-027, 2016-Ohio-4779.

Subsequent to its consideration of relevant trial records, the parties' filings, and the testimony evidence adduced at the hearing[2], the court entered judgment on September 8, 2021, continuing C.B.'s status as a Tier II sexual offender.

*Assignment of Error*

**{¶5}** C.B. raises one Assignment of Error,

**{¶6}** "I. THE JUVENILE COURT ABUSED ITS DISCRETION WHEN IT DENIED C.B.'S PETITION FOR DECLASSIFICATION AS A TIER II JUVENILE OFFENDER REGISTRANT. R.C. 2152.84(A)(2)."

*Law and Analysis*

**{¶7}** C.B. maintains that the juvenile court abused its discretion in denying his petition for declassification because he met the requirements under R.C. 2152.84 to be removed from the registry.

**Standard of Appellate Review**

**{¶8}** Under R.C. 2152.83, a trial court is given discretion to determine whether to classify a juvenile offender as a Tier I, II, or III sexual offender. Moreover, the trial court is given discretion to determine whether a juvenile sexual offender should be subject to community notification requirements. *In re Adrian R.,* 5th Dist. Licking No. 08-CA-17, 2008-Ohio-6581, ¶17; *In re C.A.*, 2nd Dist. Montgomery No. 23022, 2009-Ohio-3303, ¶69; *In re F.L.S.,* 4th Dist. Washington No. 09CA24, 2009-Ohio-6958 at n.1.

**{¶9}** An abuse of discretion can be found where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence.

---

[2] C.B. was the only witness to testify during the July 1, 2021 hearing.

*Tennant v. Gallick,* 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶35; In *re Guardianship of S .H.*, 9th Dist. Medina No. 13CA0066–M, 2013–Ohio–4380, ¶ 9; *State v. Firouzmandi,* 5th Dist. Licking No. 2006–CA–41, 2006–Ohio–5823, ¶54.

**Issue for Appellate Review:** *Whether the juvenile court's decision continuing C.B.'s classification as a Tier II sexual offender is clearly untenable, legally incorrect or amounts to a denial of justice, or whether the judgment reaches an end or purpose not justified by reason and the evidence.*

{¶10} In C.B.'s prior JOR classification hearing, we noted,

The trial court reviewed Appellant's behavior while confined at the Ohio Department of Youth Services and found that Appellant:

[H]as been an exemplary resident at any facility in which he was placed. He has completed all other programs in which he was placed. He has completed school; he enrolled in the college program at the Ohio Department of Youth Services; and has completed nearly two years of college work. He has not violated rules and regulations at the facility. He has, to the contrary, followed all rules; he has worked regularly, including outside the facility; he has completed risk assessments, including the OYAS; and has always scored as a low risk to recidivate. In short, he has successfully completed all things asked of him except completing the sex offender program.

Opinion and Judgment Entry, March 6, 2019, Docket # 20, p. 4.

*In re C.B.*, Fifth District Ashland No. 2019-COA-009, 2019-Ohio-5023, ¶ 45. In the September 8, 2021 Judgment Entry, the juvenile court again noted these positive

accomplishments.  Further, the juvenile court noted C.B.is working (more than) full time at McDonalds where he is a swing / shift manager.  He is involved in the Music Ministry at his church playing his trumpet.  He also enjoys sports and recreation in his spare time. Judgment Entry, Sept. 8, 2021, at p.1 (Docket # 9).  However, the juvenile court found that these positive factors were outweighed.  Specifically, in its judgment entry, the court noted that it had reviewed and considered the factors set forth in R.C. 2152.83(D) and (E), and, in particular stated:

> 1. [C.B.] committed sexually oriented offenses against a child victim with a large discrepancy in age;
>
> 2. [C.B.] has maintained his innocence, which is his right, but in doing so, has not shown any genuine remorse;
>
> 3. The Court finds that due to the serious nature of his offenses, coupled with his steadfast denial, [C.B.] presents a continued risk to public;
>
> 4. [C.B.] did not participate in any sex offender treatment, which would have lessened his risk to future victim(s) even though his risks have been determined to be low;
>
> Further, to grant [C.B.] relief from his obligations as a tier II offender would demean the seriousness of his offenses and would serve to ignore the seriousness of the harm visited upon his now preteen victim.  The victim also deserves an opportunity to "move on" in her life.

Judgment Entry, September 8, 2021, at 3 (Docket # 9).

{¶11} We would note C.B.'s continuing to maintain his innocence is somewhat disingenuous. During his interview with Lieutenant Joel Icenhour of the Ashland Police Department, C.B.

> admitted to touching E.O. during a walk at the Church of God. C.B. claimed E.O. "rubbed up against him." He then admitted he stuck his finger inside her vagina and put his hands down her pants. C.B. claimed to have stopped because it "felt weird" and "people can go to jail for that."

*In re* C.B., 5th Dist. Ashland No. 15-COA-027, 2016-Ohio-4779, ¶18; ¶33. C.B. later testified that he had told Lieutenant Icenhour "he had touched E.O. once, because he felt like he was being broken down and was tired of being drilled. He also stated he thought admission to the behavior would get him out of the office." Id. at ¶36.

{¶12} In determining whether to continue, modify, or terminate the classification, the juvenile court is directed to consider the statutory factors under R.C. 2152.83(D). R.C. 2152.85(C). Thus, the juvenile court judge maintains discretion throughout the course of the offender's registration period to consider whether to continue, terminate, or modify the juvenile's classification. *In re D.S.,* 146 Ohio St.3d 182, 2016-Ohio-1027, 54 N.E.3d 1184, ¶36. In the case at bar, the trial court provided a detailed recitation of the facts, documents and law considered, and did not overlook C.B.'s positive attributes, but included those in its analysis.

{¶13} We have reviewed the record and we cannot find support for a conclusion that the trial court's decision is untenable, legally incorrect, amounts to a denial of justice, or that the judgment reaches an end or purpose not justified by reason and the evidence. While C.B. may disagree with the weight given to the statutory factors by the juvenile

court judge, we find that the juvenile court judge completed a careful analysis of the facts in the record and the applicable law and we will not substitute our judgment for that of the trial judge. *Berk v. Matthews*, 53 Ohio St.3d 161, 559 N.E.2d 1301, 1308 (1990).

{¶14} C.B. sole Assignment of Error is overruled.

{¶15} The decision of the Ashland County Court of Common Pleas, Juvenile Division is affirmed.

By Gwin, P.J.,

Hoffman, J, and

Baldwin, J., concur